■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. SALVATORE J. MARINI, Petitioner, v. WILLIAM B. MARTIN, as Sheriff of Ulster County, Respondent.— Application, pursuant to CPLR 7002 (subd. [b], par. 2), for a writ of habeas corpus denied for failure of compliance with article 70 of the CPLR and more particularly with the provisions of CPLR 7002 (subd. [c], pars. 1, 4, 6) thereof, and as otherwise insufficient on its face. Herlihy, P. J., Reynolds, Staley, Jr., Cooke and Greenblott, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ROBERT J. FENTON, JR., Petitioner, v. WILLIAM B. MARTIN, as Sheriff of Ulster County, Respondent.— Application, pursuant to CPLR 7002 (subd. [b], par. 2), for a writ of habeas corpus denied for failure of compliance with article 70 of the CPLR, and more particularly with the provisions of CPLR 7002 (subd. [c], pars. 1, 4, 6) thereof, and as otherwise insufficient on its face. Herlihy, P. J., Reynolds, Staley, Jr., Cooke and Greenblott, JJ., concur.

## (September 17, 1971)

■ In the Matter of the Claim of HARRIET McGEE, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.— Appeal from a decision of the Unemployment Insurance Appeal Board, filed January 4, 1971, disqualifying claimant from unemployment insurance benefits. Appellant testified that she suffered a head injury as a result of a fall and that her sister called the employer reporting her injury and the required absence from work. Upon her return a week later appellant was informed of her dismissal. It was also appellant's testimony that she had never been told that she had taken excessive absences. The employer's representative testified that appellant was discharged because of her failure to give notice of her intended absence. While he stated that he had no knowledge that appellant's sister called, he did state his belief that appellant had been warned regarding her attendance. He conceded that the payroll sheet did not indicate excessive absences. The hearing was then adjourned for the testimony of appellant's supervisor who allegedly had knowledge of whether the employer had received a call advising of appellant's injury and whether she had received prior warnings of excessive absences. For a reason not disclosed in the record this testimony was never taken. The board found that appellant had been warned about excessive absences and the necessity of notifying the employer of any required absence, and that since she failed to comply with this requirement her discharge was justified. Although factual questions are properly for the board, its determination must be supported by substantial evidence; there must be a basis in the record for each of the board's findings. Such evidence is not here present. The board's finding that appellant had a poor attendance record is contrary to the employer's own testimony. Nor is there support in the record for the finding that the employer failed to receive notice of appellant's injury and that she had been warned of excessive absences. Therefore, the determination of the board that appellant was discharged due to her refusal to heed the warnings concerning her failure to notify her employer regarding absences from work cannot be upheld. Decision reversed, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent herewith, with costs to claimant. Herlihy, P. J., Reynolds, Greenblott, Cooke and Simons, JJ., concur.

■ In the Matter of STATE DIVISION OF HUMAN RIGHTS, Petitioner, v. GUPTILL HOLDING CORP. et al., Respondents.— Petition, pursuant to section