■    In the Matter of the Claim of EDWARD DREJZA, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.— Appeal from a decision of the Unemployment Insurance Appeal Board disqualifying the claimant from receiving benefits because he refused employment without good cause (Labor Law, § 593, subd. 2, par. [c]) and holding $375 in benefits received recoverable because of a willful concealment of a pertinent fact (Labor Law, § 597, subd. 4). Whether a claimant has refused employment without good cause is a factual issue and, thus, the board's determination must be upheld if it is supported by substantial evidence (e.g., *Matter of Hoffman [Catherwood]*, 34 A D 2d 871). In the instant case the only issue disputed by the claimant is the board's finding that neither the required travel to Syracuse from his home near Utica, a distance of approximately 45 miles, nor the expense involved was unreasonable. Of course, claimant is correct that the statutory test set forth in section 593 (subd. 2, par. [c]) is not "unreasonable" as to distance alone but also whether such "travel to and from the place of employment involves expense substantially greater than that required in his former employment". However, the record here involved reveals that claimant lived at his place of employment on his former job thus making any travel or expense comparison impossible, that at its termination he moved to his parents' home in the Utica area for personal reasons, aware that employment utilizing his background might not be available there, and that he was willing to relocate to accept State employment but not employment in private industry. Moreover, the board could properly note that the distance here involved is not an unusual distance for those residing in rural upstate communities to travel to work. On this state of the record, despite the distance and expense involved, we cannot say that the board's decision that claimant did not have good cause to refuse to follow through on the proffered employment in Syracuse cannot be sustained. Nor, since claimant concededly never disclosed the offered employment in question to the local insurance office, an obviously pertinent fact in connection with his claim for employment, can we say that the board could not factually find that the benefits paid were recoverable (e.g., *Matter of Bennett [Catherwood]*, 33 A D 2d 946; *Matter of Teitlebaum [Catherwood]*, 26 A D 2d 711). Accordingly, the board's decision must be affirmed. Decision affirmed, without costs. Staley, Jr., J. P., Greenblott, Cooke, Sweeney and Reynolds, JJ., concur.