■ In the Matter of the Claim of DAVID PETRINEC et al., Appellants. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.— Appeal from a decision of the Unemployment Insurance Appeal Board which held the claimants ineligible to receive benefits because they were not totally unemployed (Labor Law, §§ 522, 591, subd. 1), charging them with over-payments ruled to be recoverable, and held that they had willfully made false statements to obtain benefits for which a forfeiture was imposed in reduction of their future benefit rights (Labor Law, § 594). During 1970 the claimants, who had been laid off from their previous industrial employments, went to reside on a 200-acre operating dairy farm owned and operated by their aunt and uncle. The board found that, despite the fact that they received no actual cash payments for the "regular and substantial services" performed, they did receive room and board, which the board stated constituted remuneration under subdivision 1 of section 517 of the Labor Law, and thus were not "totally unemployed" and were, therefore, ineligible for benefits (Labor Law, § 591, subd. 1; § 522). Total unemployment is a factual issue, and thus the board's determination on this issue must be upheld unless it is not supported by substantial evidence (e.g., *Matter of Bartlett* [*Catherwood*], 32 A D 2d 591; *Matter of Weiss* [*Catherwood*], 28 A D 2d 577). The instant record clearly supports the board's finding that the claimants performed "regular and substantial services" during the periods involved. It is, in fact, evident, as the board noted, that the claimants were performing the major work functions necessary to operate the farm since their uncle was regularly employed elsewhere. On this state of the record and considering also that the claimants were receiving their room and board free, it cannot be said that the board could not properly find that they lacked total unemployment (see *Matter of Horner* [*Catherwood*], 32 A D 2d 700; *Matter of Emanuel* [*Catherwood*], 29 A D 2d 798). Similarly, the issue of willful misrepresentation is factual, and, since the board's decision is supported by substantial evidence, it may not be disturbed (e.g., *Matter of Kansky* [*Catherwood*], 27 A D 2d 887; *Matter of Bailey* [*Catherwood*], 18 A D 2d 727). Decision affirmed, without costs. Staley, Jr., J. P., Greenblott, Sweeney, Main and Reynolds, JJ., concur.