■ In the Matter of the Claim of BEVERLY J. DAVIS, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 3, 1974, which affirmed the respondent's determination that the claimant had made a willful false statement to obtain benefits and, accordingly, had been overpaid since August 4, 1972 which benefits were recoverable. The claimant had been disqualified for a refusal of employment effective August 4, 1972. Thereafter, she reported employment for the three-week period of September 12 through September 29, 1972 of four days per week with total earnings of $210. The local unemployment office sent two forms to the last employer, David Wilson, which were returned by him indicating claimant had worked during the period of August 24, 1972 to October 1, 1972 and earned at least $200. Upon the basis of the forms filed by the claimant's employer for the period of September 12 to September 29, 1972, the respondent found her August 4, 1972 disqualification removed. (See Labor Law, § 593, subd 2.) Following the resumption of benefit payments to the claimant based upon her having earned at least $200, the respondent, in June of 1973, conducted an investigation apparently to confirm whether or not she had actually been employed subsequent to the August 4 disqualification so as to again qualify for benefits. The investigator prepared a memorandum of his conversations with the claimant and her alleged employer which they each signed in affidavit form. Based upon the investigator's report, the respondent disqualified the claimant from benefits because she had made a willful false statement in regard to having earned over $200. The board stated that the issue before it was whether or not claimant had been employed as alleged. It found that "The credible evidence herein fails to establish that claimant did, in fact, have such employment". In terms of credible evidence, various rulings of the courts have established the rule that the findings of the board are conclusive as to credibility. Accordingly, whenever a record contains evidence which establishes diametrically opposed facts, it is for the board to determine what evidence is worthy of belief or entitled to be credited (see Black's Law Dictionary, [4th ed.], p 440). Since the board's power of selection as to what probative evidence is most worthy of belief is final and absolute, its adoption of any factual conclusion which reasonably flows from and is based upon such evidence, is entitled to be considered by the board as being based upon the "credible evidence" and is also final and conclusive in regard to any appeal to this court. (Matter of McGee [Levine], 37 AD2d 785.) Such determinations of the board are deemed conclusive if supported by substantial evidence (Labor Law, § 623; Matter of Drejza [Levine], 42 AD2d 659; Matter of Petrinec [Levine], 42 AD2d 1022). This court, in Matter of McGee (Levine) (supra), stated: "Although factual questions are properly for the board, its determination must be supported by substantial evidence; there must be a basis in the record for each of the board's findings." However, the selection of credible evidence is

necessarily related to the ultimate factual issue which is presented to the board as being dispositive of a claimant's right to benefits. From the various appeals processed through this court, it appears that in general the preliminary issue of whether or not a claimant has been so employed as to be entitled to benefits, is established by the claimant's allegations of employment and either by records theretofore filed with the appropriate governmental agency or by information thereafter filed by the last employer. As noted hereinabove, the respondent had in its possession a report or reports of employment by the alleged employer which as a prima facie matter established that the claimant had earned through employment the required sum of at least $200. The principal issue upon this appeal is whether or not the record contains substantial evidence which would support the conclusion of the board "that the claimant did not have *bona fide* employment". (Emphasis in original.) The respondent offered no direct evidence at the hearing which in and of itself would establish that the claimant either did not have employment during the period in issue·or alternatively that such employment was not genuine. The respondent offered no evidence which would tend to establish that as a financial proposition the alleged employer did not have sufficient means to have paid at least the sum of $200 for work during the period in issue. Additionally, the respondent offered no evidence to establish that the alleged employer had no necessity for hiring the claimant. The only possible basis is contained in the allegations made to the board in a letter by the counsel's office of the Department of Labor, which was not part of the evidence presented at the hearing. The only evidence that tends to support the board's decision is the doctor's report which indicated that the claimant was not able to be employed. The doctor's statement is probative evidence of a fact—physical capacity—which would strongly support the inference that the claimant had not in fact worked during the period in issue. However, the doctor's statement recited that she had been last examined on August 22, 1972 and the date when she went to work for her employer would under any circumstances have been after such examination. Notably, the doctor's statement relates to her ability to work as a matter of medical opinion and does not in any way recite that she was in fact not physically capable of performing housekeeping chores for her brother as alleged. In any event, while the doctor's statement is some evidence that the claimant did not in fact work during the period in issue, it is not such evidence which standing in the context of this record would support a finding that the claimant was in fact unable to perform the work for her brother. Consequently, there is no substantial evidence in the record to support the board's determination. Decision reversed, and matter remitted for further consideration, with costs. Herlihy, P. J., Sweeney and Kane, JJ., concur; Main and Reynolds, JJ., dissent and vote to affirm in a memorandum by Reynolds, J. Reynolds, J. (dissenting). In our opinion, there is substantial evidence to support the determination of the board and, therefore, we vote to affirm.