■    In the Matter of the Claim of HAROLD C. CLARK, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 16, 1975, which adopted and affirmed a referee's decision sustaining the initial determination of the Industrial Commissioner that the claimant was dis-

qualified from receiving benefits because he lost his employment through misconduct  A referee hearing was held on December 6, 1974. The claimant testified but no representative of the employer was present. The record contains a notation by a representative of the Industrial Commissioner to the effect that he had talked with the claimant's employer over the telephone and was advised that the claimant had been late in reporting for work some 19 times from January 1 to October 22, 1974; that the claimant had been given many written and oral warnings as to lateness; that the week before the claimant's discharge he was given an evaluation which recited that he had a poor record for punctuality; and the evaluation advised claimant that his job was in jeopardy because of lateness. At the hearing, the claimant was advised of the allegations of the employer in regard to being late 19 times and did not deny it, however, he offered an explanation of why he was late on those occasions. He expressly denied having been given any written or verbal warnings in regard to his punctuality and recited that the only time mention was made of lateness was when he had an interview wherein he was seeking a pay raise. He admitted that on October 22, 1974 he was about an hour late getting to work. On the following day he recited that he was called in to his superior in regard to his lateness and apparently his employment was terminated. At his hearing, he alleged that many people came in late and that if there was a rule it was being enforced arbitrarily against him. Ordinarily, the hearsay allegation of the employer that the claimant had been warned in regard to his excessive lateness would not be sufficient standing alone to constitute probative substantial evidence which would overcome his denial of such a warning. (See *Matter of McGee [Levine]*, 37 AD2d 785.) The claimant, however, did not deny his numerous latenesses and did admit that at least on one occasion management had spoken to him in regard to his lateness. Upon the present record, the claimant's admission of some conversation in regard to lateness coupled with the hearsay allegations as to a warning constitutes substantial evidence to support the finding that he had been warned about his lateness. The claimant's admission that at least his lateness had been discussed with him in regard to a request of his for a pay raise and a transfer is substantial evidence that the employer had a policy which disapproved of lateness and that the claimant was aware of such a policy prior to his dismissal because of the lateness on October 22, 1974. Accordingly, the decision of the board is supported by substantial evidence and the conduct could be found to be the equivalent of misconduct. (See *Matter of Rivera [Levine]*, 47 AD2d 569.) Decision affirmed, without costs. Herlihy, P. J., Sweeney, Kane, Koreman and Larkin, JJ., concur.