In the Matter of the Claim of BETTY A. ANDERSON, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 20, 1975, which reversed a revised decision of a referee insofar as it overruled an initial determination of the Industrial Commissioner disqualifying claimant from receiving benefits effective January 21, 1975 because she refused employment without good cause, and charging her with an overpayment of $760 ruled to be recoverable. Claimant lost her employment as a nurses' instructor at Roosevelt Hospital School of Nursing, where she was paid an annual salary of approximately $16,000, under nondisqualifying conditions. She applied for benefits and was paid for the period from August 26, 1974 through March 16, 1975. Claimant received a job offer on January 21, 1975 for a position almost identical to her former one at an annual salary of $15,000. She declined the position, insisting on an annual salary of at least $16,000, but did not notify the local office of the job offer, though she certified that she had informed the office of all job offers. Her only explanation was "maybe I didn't read it correctly". While no prevailing wage rate was precisely established, the United States Bureau of Labor Statistics indicates a top annual salary for nursing instructors at $15,080. The board found that the claimant was reasonably fitted by training and experience for the proffered position and that the salary was not substantially below the prevailing wage. Upon further finding the certification false, it ruled the overpayment of $760 recoverable. Concededly, the claimant was reasonably fitted by training and experience for the position offered, and whether one refuses employment for good cause or for personal noncompelling reasons calls for a factual determination, solely within the board's province. If, as here, its determination is supported by substantial evidence, it must be affirmed *(Matter of Drejza [Levine],* 42 AD2d 659). In addition, whether the proffered salary is or is not substantially less favorable to the claimant than the prevailing wage for similar work is a question of fact for the board and subject to reversal only if the board has acted irrationally *(Matter of Marsh [Catherwood],* 13 NY2d 235). Clearly, there was a rational basis for the board's conclusion here. Finally, the failure of the claimant to report the job offer presents a factual issue of credibility, and a finding of false certification permits a recovery because a claimant may not retain the funds unless they were accepted by him in good faith (Labor Law, § 597, subd 4; *Matter of Bennett [Catherwood],* 33 AD2d 946). Decision affirmed, without costs. Koreman, P. J., Sweeney, Mahoney, Main and Reynolds, JJ., concur.