■    In the Matter of the Claim of FRANK DI MARIA, Appellant. PHILIP Ross, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 14, 1978. Claimant, a carpenter and lumberyard worker, was disqualified from receiving benefits effective March 22, 1975 because he had lost his employment through misconduct. On April 14, 1975, claimant filed an additional claim for benefits in which he reported that he had worked for Crown Tex Corporation from April 7 to April 11, 1975 and received $200 compensation. On the basis that this employment terminated his prior disqualification (Labor Law, § 593, subd 3), claimant received benefits totaling $4,615 from April 21, 1975 to July 25, 1976. The Industrial Commissioner then concluded that claimant's prior disqualification due to misconduct was not terminated by his relationship with Crown Tex since the arrangement was a subterfuge to circumvent his prior disqualification. Accordingly, claimant was charged with an overpayment of $4,615 in benefits, ruled to be recoverable, and found to have willfully made false statements by reason of which a forfeiture of eight effective days was imposed as a penalty in reduction of his future benefit rights. This initial determination, after being sustained by the referee, was modified by the board, which found claimant entitled to the benefits received but imposed a penalty of four effective days due to false statements willfully made. Upon application by the Industrial Commissioner, the board reconsidered its decision and decided to sustain the initial determination of the local office and affirm the referee. On this appeal by claimant, the issue is whether there is substantial evidence to support the board's determination that claimant did not have bona fide employment with Crown Tex. The Unemployment Insurance Law provides that a disqualification for benefits due to misconduct terminates when a claimant is subsequently employed and earns remuneration of at least $200 (Labor Law, § 593, subd 3). Claimant testified that he was hired on a temporary basis at a salary of $150 a week to write up orders and do filing for Crown Tex. After several days, he was asked to make deliveries for the company. Although let go at the end of one week, claimant testified that he was paid $200. These facts were supported in all respects by the testimony given by claimant's wife, who was a bookkeeper for Crown Tex, and Gerald David, the assistant secretary of the company. Mr. David, who was subpoenaed to testify by the Industrial Commissioner, described in detail the circumstances of claimant's hiring, the services he performed during the week, and the amount of money he was paid. Mr. David stated that due to the number of deliveries claimant had made during the week, he was paid $200 rather than the $150 initially agreed upon. Documentary evidence was introduced in support of claimant's contention that he worked for Crown Tex and received $200 for his services. A copy of a W-2 form issued by Crown Tex to claimant and the Internal Revenue Service indicated that claimant had received $200 from the company in 1975. Samples of collection letters signed by claimant on behalf of Crown Tex during the week in question were introduced and certified as to their validity by Mr. David. Forms sent out to Crown Tex by

the local unemployment insurance office were returned indicating claimant's one-week employment and $200 remuneration. In spite of this evidence, and with no direct evidence indicating that claimant did not work for Crown Tex and receive $200 in wages, the board's reconsidered decision states that "The testimony and evidence purporting to show that claimant worked for [Crown Tex] Corporation for one week in April 1975 and was paid $200 are not worthy of belief * * * Rather, the credible evidence establishes that claimant did not work for [Crown Tex] Corporation, nor receive any pay." The basis for the board's conclusion seems to have been several false statements made by claimant in applying for benefits and the unlikelihood that he would have been paid $200 for performing unskilled office work for one week. Claimant falsely stated that he did not know anyone working for Crown Tex and that he was hired to fill in for employees on vacation. Even though none of Crown Tex' six employees were on vacation during the week in question, claimant stated that he was laid off when the employee he was filling in for returned from vacation. While these willfully made false statements cast doubt upon claimant's credibility and provide ample justification for the board to disbelieve his testimony, the circumstances relating to claimant's hire are not relevant to the issue in this case, whether or not claimant was paid $200 for services performed for Crown Tex (*Matter of Davis [Levine],* 48 AD2d 742). Furthermore, claimant's lack of credibility could in no way affect the unrebutted testimony of Mr. David or the undisputed documentary evidence supporting it. It is fundamental that factual determinations of the board are deemed conclusive if supported by substantial evidence (Labor Law, § 623; *Matter of Davis [Levine], supra; Matter of McGee [Levine],* 37 AD2d 785). It is equally fundamental, however, that substantial evidence is something more than speculation or conjecture which has no basis in the record but arises from the visceral feelings of the board (*300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176, 180). Since there is no substantial evidence in the record to support the board's determination that claimant was not a bona fide employee of Crown Tex who earned $200, the board's determination that claimant's disqualification continued and that the $4,615 in benefits received are recoverable must be reversed. Decision modified, by reversing so much thereof as found claimant disqualified from receiving benefits and ruled the $4,615 of benefits paid to be recoverable, and, as so modified, affirmed, with costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent herewith. Mahoney, P. J., Sweeney, Staley, Jr., Main and Herlihy, JJ., concur.