### (September 25, 1980)

■ In the Matter of the Claim of ANTIONETTE ABRAMS, Appellant. PHILIP Ross, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 9, 1979. Claimant, a secretary with Manufacturers Hanover, left that employment in May of 1977 when the travel involved became too burdensome for her to cope with. She was disqualified from receiving benefits upon a finding that her termination was without good cause. On or about August 1, 1979 claimant contends she went to work for the M & M Drug Store in Brooklyn at a salary of $125 a week. At the end of three weeks claimant was terminated and again applied for benefits. The local office, apparently acting on the theory that this employment with M & M broke the prior disqualification (Labor Law, § 593, subd 1, par [a]), paid claimant benefits amounting to $2,397 for the period from September 12, 1977 through March 26, 1978. At some point, the Industrial Commissioner concluded that the original disqualification was not terminated by the employment at M & M because, in fact, there was no legitimate employment relationship. The Administrative Law Judge concluded otherwise, but the board reversed his decision and sustained the determination of the Industrial Commissioner, holding the payment of $2,397 to be an overpayment and recoverable because there was no bona fide employment and because claimant had made willful false statements in order to obtain benefits. The factual situation presented and the

issue raised are almost identical to those found in *Matter of Di Maria (Ross)* (72 AD2d 620). There, as here, we find uncontradicted evidence that the claimant worked three weeks for the new employer. The board, however, chose to conclude, as in *Di Maria (supra),* that the claimant's testimony and that of the other witnesses was "not worthy of belief". To support its conclusion the board disregarded the clear and uncontradicted evidence that claimant was employed by M & M and seized upon minor inconsequential errors or discrepancies in claimant's testimony which she fully explained. Even if the claimant's testimony was rendered questionable, her lack of credibility could in no way affect the unrebutted testimony of the employer and an associate *(Di Maria, supra).* While the board's decision as to the facts is conclusive if supported by substantial evidence, we find no such evidence here. Substantial evidence is something more than speculation or conjecture which has no basis in the record, but arises from the visceral feelings of the board *(300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176, 180; *Di Maria, supra,* p 621). Since the board's determination is not supported by substantial evidence, we must reverse. Decision reversed, with costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent herewith. Mahoney, P. J., Sweeney, Main and Mikoll, JJ., concur; Herlihy, J., dissents and votes to affirm.