ELMER F. ANDREWS, Industrial Commissioner, Respondent, *v.* COMMODORE KNITTING MILLS, INC., Employer, Appellant.

Third Department, July 11, 1939.

*Philip Silberman* [*Nathan Shapiro* of counsel], for the appellant.

*John J. Bennett, Jr., Attorney-General,* and *Henry Epstein, Solicitor-General* [*W. Gerard Ryan* and *Francis R. Curran, Assistant Attorneys-General,* of counsel], for the respondent.

HEFFERNAN, J. This is an appeal by Commodore Knitting Mills, Inc., an employer, from a decision of the Unemployment Insurance Appeal Board, hereinafter referred to as the Board, which affirmed a decision of the Deputy Industrial Commissioner holding that appellant is an employer within the meaning of the

Unemployment Insurance Law, with relation to its industrial home-workers, and, therefore, subject to the payment of contributions imposed on employers by section 515 of the Labor Law.

The facts are not in dispute and the sole question of law to be determined on this appeal is whether industrial homeworkers are employees or independent contractors.

Appellant maintains a factory for the production of machine-knitted outerwear. In addition to the manufacture of such merchandise at its factory it also manufactures hand-knitted outerwear which work is done by homeworkers. These workers are obtained by appellant through advertisements and by personal recommendation. The raw materials and samples of the finished product are sent by appellant to the homeworkers as a rule by mail, together with a statement of the price that appellant will pay per dozen for the finished garments, although a few such workers call for the materials and deliver the completed work. When the finished product is returned, it is examined by appellant and if found to be made according to the sample, a check in payment is mailed to the homeworker. The worker supplies his own equipment. Most of the homeworkers work only part time.

Appellant has an employer's permit issued to it by the Industrial Commissioner pursuant to the provisions of section 352 of the Labor Law. It also has made provision for compensation to the home-workers in accordance with the provisions of the Workmen's Compensation Law.

The Labor Law, of which the Unemployment Insurance Law is a part, includes industrial homeworkers within its definitions of employees.

" ' Employee ' means a mechanic, workingman or laborer working for another for hire." (Labor Law, § 2, subd. 5.)

" ' Employer ' means any person who either directly or through an employee, agent, independent contractor, or any other person, delivers or causes to be delivered to another person, any materials to be manufactured in a home, and which are thereafter to be returned to him, not for the personal use of himself or of a member of his family." (Labor Law, § 350, subd. 2, ¶ b.)

" ' Industrial homework ' means the manufacturing in a home, in whole or in part, with material which has been furnished by an employer, of any article or articles to be returned to the said employer." (Labor Law, § 350, subd. 2, ¶ e.)

" ' Industrial homeworker ' means any person who manufactures in a home, in whole or in part, out of material furnished by an employer for industrial homework, any article or articles to be returned to such employer directly or indirectly." (Labor Law, § 350, subd. 2, ¶ f.)

Appellant asserts that because industrial homeworkers are not subject to supervision at all times while engaged in their work they must be regarded as independent contractors. The very nature of the work does not permit constant supervision. It appears definitely in this case that some supervision is exercised over the workers by appellant, such as the manner in which the work is to be performed coupled with the right of appellant to hire and discharge the workers. (*Matter of Glielmi* v. *Netherland Dairy Co.*, 254 N. Y. 60.)

Our courts have held again and again that industrial homeworkers are employees and not independent contractors. (*Matter of Fiocca* v. *Dillon*, 175 App. Div. 957; *Allied Mutuals Liability Insurance Co.* v. *DeJong*, 209 id. 505; *Matter of Hiltunen* v. *Orser & Terrizzi*, 225 id. 838; *Matter of Friedman* v. *Apt Novelty Co., Inc.*, 231 id. 774; *Matter of Liberatore* v. *Friedman*, 224 N. Y. 710; *Matter of Fancher* v. *Boston Excelsior Co.*, 235 id. 272.)

Under the authorities just cited the homeworkers in the case before us must be classed as employees and not as independent contractors.

It is to be noted that these workers do not have their own established places of business; their work is done in their own homes; they are subject to discharge by appellant and are under its direction and control to an extent sufficient to establish an employer-employee relationship. The mere fact that they are compensated for their labors on a piece-work basis does not determine their status. That is merely the method used in ascertaining the amount of their remuneration.

It is quite obvious that the method which appellant has adopted for the manufacture of a very substantial part of its merchandise is for its own profit and advantage. It is thereby enabled to market its product with a minimum of expense.

The decision of the Board should be affirmed.

HILL, P. J., CRAPSER and BLISS, JJ., concur.

Decision affirmed, with costs to the Industrial Commissioner.