In the Matter of the Claim of MARGARET SEPE, Respondent. MILDRED VICTOR TYPING SERVICE, Appellant; EDWARD CORSI, as Industrial Commissioner, Respondent.

Third Department, March 11, 1953.

*Benjamin Werne* and *Solomon Kreitman* for appellant.

*Nathaniel L. Goldstein, Attorney-General* (*Wendell P. Brown, Solicitor-General,* and *Francis R. Curran* of counsel), for Industrial Commissioner, respondent.

IMRIE, J.  Appellant has appealed from a decision of the Unemployment Insurance Appeal Board, which affirmed a referee's decision holding that, while claimant performed services as a typist in her home for appellant, she was an employee of the latter, and entitled to be credited with her earnings during 1950 as a basis for unemployment insurance benefits.

The facts are not in dispute.  Appellant is in the direct mail business, engaging people to do home typing.  In May, 1950, claimant, answering appellant's newspaper advertisement for home typists, was interviewed by appellant.  At that time claimant supplied information as to her name, address, telephone number, experience and possession at home of a typewriter, its make and model.  It was arranged that claimant would do homework including typing labels and addressing envelopes.  She was to call at appellant's place of business for work not later than 3:30 P.M. each day, unless otherwise directed, and return the work the succeeding day.  Sometimes the work she picked up required more than a day to complete, in which event claimant did not return to appellant's place of business until that work was finished.  Payment, at the rate of $3.50 or $4 a thousand, was made on the Friday of each week following that in which the work was done.  Claimant was told she would be responsible and must pay for spoilage.

Appellant spot checked the work when it was returned and on one occasion required it to be taken back for corrections.  On her calls at the latter's place of business claimant received typewritten or oral instructions and at times appellant called her by phone asking her to pick up another list or to report to pick up a rush order or receive instructions.  Claimant owned

and maintained the typewriter, but carbon paper, envelopes and labels were provided by appellant.

In June, 1951, claimant was ill. After her recovery, though she desired to continue the relationship, she received no more work from appellant.

The statute (Labor Law, § 534) has placed upon the administrative authority acting in a quasi-judicial capacity the function of weighing the evidence. The question to be reviewed here is not whether claimant was an employee of appellant as a matter of fact, but whether upon the basis of the record it must be decided as a matter of law that she was not an employee. " The distinction between an employee and an independent contractor has been said to be the difference between one who undertakes to achieve an agreed result and to accept the directions of his employer as to the manner in which the result shall be accomplished, and one who agrees to achieve a certain result but is not subject to the orders of the employer as to the means which are used." (*Matter of Morton,* 284 N. Y. 167, 169, 170, 172.)

While the " degree of control which must be reserved by the employer in order to create the employer-employee relationship cannot be stated in terms of mathematical precision " (*Matter of Morton, supra,* p. 173), the transactions between these parties, already referred to, are clear indicia of such control.

Appellant could hire and discharge claimant. She had direction and control in the performance of the work and its acceptability. She determined and directed the particular type of work to be done at any specified time. Claimant was a servant in that she was " engaged to obey " her " employer's orders from time to time ". (*Matter of Morton, supra,* p. 172, quoting Salmond on Law of Torts.)

" The very nature of the work [at home] does not permit constant supervision. It appears definitely in this case that some supervision is exercised over the [home] workers by appellant, such as the manner in which the work is to be performed coupled with the right of appellant to hire and discharge the workers." (*Andrews* v. *Commodore Knitting Mills, Inc.,* 257 App. Div. 515, 517.)

Order No. 5, governing home work on typing, addressing, mailing and related processes and operations, promulgated by the Industrial Commissioner to be effective September 1, 1950, with certain supporting studies, was made a part of the record. In his decision, which was adopted by the Appeal Board, the referee discussed this order and its history and said, in part,

" In my opinion, the promulgation of Order No. 5 necessarily indicated that as a homeworker in the direct mail industry, claimant was an employee of the employer herein. Moreover, the evidence established that claimant performed services for the employer subject to the latter's supervision and control ", citing *Andrews* v. *Commodore Knitting Mills, Inc.* (*supra*). Appellant has urged that the board's reliance upon the order involved a decision upon its validity and application. That does not necessarily follow. The board has properly determined that, on the evidence, claimant was an employee of appellant and that as employer the latter was subject to the Unemployment Insurance Law. In view of the foregoing it is unnecessary at the present time to consider the validity of Order No. 5, which has been before the Board of Standards and Appeals for the review provided by section 110 of the Labor Law and its determination thereon is appealable as provided in section 111.

The Appeal Board was warranted in its view of the facts and its decision should be affirmed.

FOSTER, P. J., BERGAN, COON and HALPERN, JJ., concur.

Decision of the Unemployment Insurance Appeal Board affirmed, with costs to the Industrial Commissioner. [See *post*, p. 1049.]