■ In the Matter of PROMOTION MAIL ASSOCIATES, INC., Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— SWEENEY, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed November 22, 1968, which assessed additional contributions against an employer for wages paid between January 1, 1963 and June 30, 1966. Appellant maintained a direct mail service business during the period involved. Periodically it engaged the services of clerical home workers. Some were obtained as a result of newspaper advertisements; others on recommendation. They were paid on a piecework basis with a guaranteed minimum wage. The work consisted of addressing envelopes and/or inserting material in envelopes. They would pick up the work at appellant's premises and return it when it was finished. They were given a sample showing how the work was to be done. In the event the work was not satisfactory, they received no further work. They worked when and if they wanted to. They were covered by workmen's compensation and social security. In a case which required typing of addresses or labels they furnished their own typewriters. The question presented on this appeal is whether there is substantial evidence in the record to sustain the board's finding that these home workers were employees and not independent contractors. The existence of an employer-employee relationship in a given case is susceptible to many factors, with no factor alone being determinative, and each case must be decided on its own special facts. (*Matter of Smith [Catherwood]*, 26 A D 2d 459, 461.) In the instant case it is meaningful that appellant could terminate the relationship if dissatisfied with the work. The fact that these home workers were covered by social security and workmen's compensation tends to indicate an employer-employee relationship, rather than that of an independent contractor. Appellant stresses the fact that there was very little supervision over the work itself. The type of work involved, however, was such that it required very little supervision after receiving the initial sample. While there are some facts which would tend to militate against an employee relationship, the record as a whole contains sufficient substantial evidence to justify the board's decision,

and we should not disturb it. (*Matter of Daugherty [Catherwood]*, 24 A D 2d 919; *Matter of Sepe [Mildred Victor Typing Service — Corsi]*, 281 App. Div. 272; *Andrews* v. *Commodore Knitting Mills*, 257 App. Div. 515.) Decision affirmed, with costs. Herlihy, P. J., Reynolds, Staley, Jr., Greenblott and Sweeney, JJ., concur in memorandum by Sweeney, J.