### (June 21, 1972)

■ In the Matter of the Claim of JOSEPHINE FRATTALLONE, Respondent. VICTOR ADDRESSING CORP., Appellant; LOUIS L. LEVINE, as Industrial Commissioner, Respondent.— Appeal by the employer from a decision of the Unemployment Insurance Appeal Board, filed February 18, 1971, which adopted and affirmed a Referee's decision which reversed a determination by the respondent Commissioner that the claimant was an independent contractor. The board found that the claimant was hired by the employer to do typing work in her home and that the appellant furnished complete instructions as to the manner in doing the work and also provided the necessary paper to perform the typing upon. The decision appealed from finds: " It is clear that this claimant received instructions from the employer both oral instructions and written instructions in the manner in which the work was to be done. The fact that this work was done at the home of the claimant precluded supervision of claimant at that point. However the instructions received by claimant are sufficient to establish that claimant was under the direction and control of the employer in regard to the manner in which claimant was to do the work which was assigned to her. That direction and control of claimant is sufficient to establish that claimant was an employee of the employer herein and not an independent contractor. (See *Matter of Sepe,* 281 App. Div. 272, affirming Appeal Board 29,904.) " Resolution of the status of an employee as an independent contractor or as an employee entitled to benefits is generally a factual issue for the board. (*Matter of Villa Guardarramas [Catherwood],* 34 A D 2d 868.) Substantiality of the facts in the present case to support a determination by the board that a home typist is not an independent contractor has been previously found by this court in the cases of *Matter of Sepe (Mildred Victor Typing Serv.-Corsi)* (281 App. Div. 272) and *Matter of Promotion Mail Assoc. (Catherwood)* (33 A D 2d 872). Decision affirmed, with costs to claimant. Herlihy, P. J., Staley, Jr., Sweeney, Kane and Reynolds, JJ., concur.

■ In the Matter of JOHN WILLIAMS, an Alleged Mentally Ill Person, Appellant, v. J. EDWIN LA VALLEE, as Superintendent of Clinton Correctional Facility, Respondent.— Appeal from an order of the County Court, Clinton County, finding the appellant to be mentally ill and committing him to the Dannemora State Hospital for a period not to exceed six months. The order appealed from has expired by its own terms and appellant has been discharged from the Dannemora State Hospital. Accordingly, the appeal should be dismissed as moot (*Matter of Zuckman [Director of Harlem Val. Hosp.*], 35 A D 2d 835; *People ex rel. Reamy* v. *Director of Cent. Islip State Hosp.,* 35 A D 2d 595). Appeal dismissed as moot, without costs. Herlihy, P. J., Staley, Jr., Sweeney, Kane and Reynolds, JJ., concur.