In the Matter of the Claim of FRANCES L. ENGLAND, Doing Business as POST REPORTING SERVICE, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.

Third Department, November 21, 1974.

*Keegan & Keegan* (*James J. Duggan* of counsel), for appellant.

*Louis J. Lefkowitz, Attorney-General* (*Irving Jorrisch, Samuel A. Hirshowitz* and *Murray Sylvester* of counsel), for respondent.

KANE, J. This is an appeal from a decision of the Unemployment Insurance Appeal Board, filed October 1, 1973, which determined that appellant employer is liable for the payment of unemployment insurance contributions.

Appellant, Post Reporting Service, is in the business of providing stenographic services. Various municipal bodies or subdivisions thereof and attorneys seeking a stenographer for an examination before trial constitute the bulk of requests for services. In the operation of her business appellant kept a list of about 40 reporters who were periodically called upon for assignment. Some of the reporters transcribed their own work and others did not, in which event their work was referred to a typist for transcribing. The majority of the reporters' work

was done in attorneys' offices, libraries or municipal buildings while the transcribing was done in the home of the typist or reporter. Appellant's quarters consisted of a small private office, a slightly larger office used for an occasional examinaion before trial and a waiting or reception room. Appellant provided carbon paper, typing paper and backers, while the reporters furnished their own equipment and supplies. Customers were billed by appellant and the reporters and typists were paid by her and, on many occasions, in advance. Social Security taxes were deducted but income taxes were not withheld. Reporters and typists were able to avoid or delay assignments when it did not suit their schedule but extended periods of vacation were cleared with appellant. Some of the personnel had part-time jobs and were not available except on certain days or parts thereof.

The sole question presented by this appeal is whether there is substantial evidence to support the board's finding that the reporters and typists were employees and not independent contractors. As was pointed out in *Matter of Smith (Catherwood)* (26 A D 2d 459, 461), the existence of an employer-employee relationship in a given case is susceptible to many factors, with no one factor being determinative, and each case must be decided upon its own facts.

The findings of fact made by the Referee herein and adopted by respondent describe, in our view, an independent contractor and not an employee.

The work performed by the stenotype operators and the various typists seems to fit the precise situation described by this court in *Matter of Smith (Catherwood)* (*supra*). Accordingly, the decision of the board must be reversed.

The decision should be reversed, with costs, and the matter remitted for further proceedings not inconsistent herewith.

MAIN, J. (dissenting). We disagree. The differences between this case and *Matter of Smith (Catherwood)* (*supra*) obtrude, and we refer to differences in the relevant criteria. There the personnel were involved in their individual pursuits, freely advertising their personal professional services to the public and performing those services completely independently of their part-time studio work. Moreover, there was no withholding for Social Security and little or no control over their time or the manner in which they rendered the services for the studio.

Certainly, on balance, the relevant criteria weigh decidedly in favor of a finding that the relationship here was that of

employer-employee. Even more certain is the fact that this record contains substantial evidence to support the board's determination, and we should not disturb it. The decision should be affirmed.

STALEY, JR., J. P., and REYNOLDS, JJ., concur with KANE, J.; SWEENEY and MAIN, JJ., dissent and vote to affirm in an opinion by MAIN, J.

Decision reversed, with costs, and matter remitted for further proceedings not inconsistent herewith.