■ In the Matter of EASTERN DISTRICT COURT REPORTERS, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 4, 1974, which determined appellant liable for the payment of unemployment insurance contributions. Several court reporters provide the court reporting service for the District Court, Eastern District of New York, as full-time employees of the Federal Government. On occasion, temporary reporters are similarly employed, but on a per diem basis. When a request for a transcript of proceedings in that court is made, the work is performed by typists from the reporters' original notes or the dictated contents of those notes. They are paid by the reporters at a regularly established price per page, generally from an account in the name of the appellant herein, Eastern District Court Reporters. Payments to reporters are deposited in this account and a separate record is maintained for each individual reporter. Any profit between the amount paid to the reporter for the transcript and the sum disbursed to the typist is allocated to that respective reporter's account. Quarters are maintained for these typists at the courthouse, although transcriptions are sometimes made at other locations by other typists, and the particular format and quality of the transcriptions, including the number of typed lines per page, is enforced by the reporters. In January of 1972 appellant entered into a contract, signed by each of the court reporters, with a union representing the typists which, although it characterizes the typists as independent contractors, contains many of the usual provisions commonly found in any collective bargaining agreement between an employer and an employee union. One of the objectives of this agreement is to provide the typist with certain fringe benefits, including health insurance and year-end bonuses. Furthermore, a grievance procedure, a union dues checkoff method, and authority of the appellant to pass upon the qualifications of typists is secured by its terms. Despite appellant's protestations to the contrary, there is substantial evidence to support the board's determination that a profit-making business association existed between the reporters and the typists with sufficient control vested in the reporters to render the typists their employees. Such a determination rests upon many factors, and

each case must be decided upon its own facts *(Matter of Frattallone [Levine]*, 39 AD2d 984; *Matter of Promotion Mail Assoc. [Catherwood]*, 33 AD2d 872; *Matter of Smith [Catherwood]*, 26 AD2d 459, 461). Although the instant situation parallels somewhat the arrangement found not to constitute an employment relationship in *Matter of England (Levine)* (45 AD2d 662), we are satisfied that sufficient factual distinctions exist here which justify the board's determination. Decision affirmed, without costs. Greenblott, J. P., Sweeney, Kane, Main and Larkin, JJ., concur.