■ In the Matter of CAPITAL HILL REPORTING, INC., Appellant. PHILIP ROSS, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 4, 1977, which, upon reopening and reconsideration, rescinded its decision of October 14, 1975, reversed the decision of a referee and reinstated a determination of the Industrial Commissioner assessing the employer the sum of $5,948.01 for the period from January 1, 1971 to December 31, 1973. In 1975 the Industrial Commissioner, after an audit, assessed the employer additional contributions based on a finding of coverage with respect to stenotype reporters employed by appellant. On June 4, 1975 a referee reversed the commissioner. On October 14, 1975 the Unemployment Insurance Appeal Board affirmed the referee. No appeal was taken. Thereafter, specifically on January 6, 1976, the Court of Appeals in *Matter of England (Levine)* (38 NY2d 829) reversed this court (45 AD2d 662) and held that reporters and typists were employees rather than independent contractors. Based on *England* the Industrial Commissioner applied to the board to reopen and reconsider the case. The application was granted and, upon reconsideration, the board rescinded its prior affirmance of the referee and sustained the determination of the commissioner. This appeal ensued. Appellant's contention that, in the absence of an appeal by the Industrial Commissioner of the board's original determination, the application for reconsideration should have been denied, must be rejected. Subdivision 3 of section 620 of the Labor Law specifically empowers the board to exercise continuing jurisdic-

tion over referee's decisions, even in the absence of an appeal. Further, pursuant to section 534 of the Labor Law, the board has the power to modify or rescind decisions upon its own motion or, as here, upon application *(Matter of Sinacori [Levine]*, 46 AD2d 973). The issue, then, of whether or not it should reopen a decision is a matter addressed to the discretion of the board *(Matter of Dixon [Levine]*, 41 AD2d 868). Here, since the record readily reveals that all parties were aware of the pending decision of *England* in the Court of Appeals and its effect on this case, it does not appear that the board was unfair in granting the application for reopening and, as a result, rescinding its original determination. Decision affirmed, without costs. Mahoney, P. J., Greenblott, Sweeney, Larkin and Mikoll, JJ., concur.