■ In the Matter of the Claim of CAROL CARUSO, Respondent. PROFESSIONAL DATA SERVICES, INC., Appellant; PHILIP ROSS, as Industrial Commissioner, Respondent. — Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 22, 1980, which affirmed the decision of an Administrative Law Judge and sustained the initial determination of the Industrial Commissioner holding the claimant eligible to receive benefits without disqualifying conditions and finding that claimant was an employee of the appellant, Professional Data Services, Inc., and not an independent contractor. The employer maintained a corporation engaged in a computer operation in which information is put on key punch documents and then fed to a computer. The employer engaged the services of clerical home workers who would work key punch machines at home. Claimant took such a position with the employer as a result of newspaper advertisement. Accordingly, a key punch machine was leased by employer and installed in claimant's home. Each of the key punch operators picked up her own individual work and each job was priced differently. Once the work was issued the key punch operators had to return their completed product within the deadline specified by the employer. Claimant worked for the

employer on a continuous basis, and, consequently, never took work from any other sources. Claimant supplied none of her own equipment. The employer required a good reason to refuse work or to take time off. The issue raised on this appeal is whether there is substantial evidence in the record to sustain the board's finding that claimant, a home worker for the employer, was an employee and not an independent contractor. It is well settled that the existence of an employer-employee relationship in a given case is a *sui generis* inquiry, with no one factor alone being dispositive *(Matter of Promotion Mail Assoc. [Catherwood], 33* AD2d 872). In the instant case, it is meaningful that the employer controlled the distribution of the work and supplied claimant with cards, ribbons and pay slips. Furthermore, the employer required the claimant only refuse work for a good cause, and if displeased with the work, the employer could terminate the relationship. The employer argues that a contract signed by the claimant which characterizes the relationship as one of independent contractor rather than as employer-employee is controlling. Aside from the fact that the record supports a conclusion that this contract was signed in less than an arm's length transaction and under some duress, a private mutual agreement between the employer and the claimant cannot circumvent the Industrial Commissioner's exclusive right to make the initial determination as provided for in subdivisions 1 and 2 of section 597 of the Labor Law *(Matter of Briem [Ross],* 71 AD2d 752). Although there are some facts on the record, including the contract signed by claimant one year after she had been working with the employer, which would tend to undermine the existence of an employer-employee relationship, the record as a whole contains sufficient substantial evidence to justify the board's decision *(Matter of Promotion Mail Assoc. [Catherwood], supra)*. We have also considered the employer's other contentions and find them without merit. Decision affirmed, without costs. Mahoney, P. J., Greenblott, Main, Mikoll and Herlihy, JJ., concur.