■ In the Matter of PAULINE E. WILLIMAN, Appellant. PHILIP ROSS, as Industrial Commissioner, Respondent. — Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 24, 1980, which reversed the decision of an Administrative Law Judge modifying an initial determination of the Industrial Commissioner assessing additional contributions against the employer. In this proceeding the board, disagreeing with an Administrative Law Judge, has upheld an initial determination that certain typists engaged to transcribe the dictated tapes of stenographic reporters are employees rather than independent contractors. Their "employer", Pauline E. Williman, argues that this conclusion lacks substantial evidentiary support. We agree. The testimony developed at the hearing revealed that the subject

typists receive the tapes and paper bearing Williman's identification and are expected to return the completed product with a bill. They are given no training; may and sometimes do work for others; are free to reject tapes without penalty; and are not even responsible for correcting their own mistakes (a function performed by Williman's staff employees which does not result in any offset in the typists' compensation). Apparently, the prevailing local rate per page of finished work was so well known that discussion over price was unnecessary, but it was uncontradicted that if a higher rate for more difficult material was billed by a typist it would be paid. All payments were made by check without deduction for Social Security or income taxes, and no benefits such as insurance were provided. Thus, in many significant respects, the circumstances presented here are markedly different from the factual situations encountered in *Matter of England (Levine)* (38 NY2d 829); *Matter of Borak Reporting Serv. (Ross)* (63 AD2d 807, mot for lv to app den 45 NY2d 713), and *Matter of Eastern Dist. Ct. Reporters (Levine)* (48 AD2d 744). Freelance shorthand reporters have since been excluded from the term "employment" (Labor Law, § 511, subd 18; see L 1978, ch 600, § 1, eff July 24, 1978) and the typing activities portrayed in this record were plainly undertaken by individuals serving as independent contractors. In arriving at a contrary conclusion the board relied, in part, on findings that there were times when the typists were required to meet deadlines established by the employer and, on occasion, were provided with typing equipment. However, the hearing minutes demonstrate that if any deadline existed it was a matter fixed by the ultimate customer and passed on to the typist for informational purposes so that a given project could be declined should the time restraints be inconvenient. Similarly, the only testimony involving the use of employer equipment related to isolated loans thereof while the typists' own apparatus was on order or underwent repairs. In short, there was no substantial evidence to support the determination that these typists were employees and the present decision must be reversed. Decision reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent herewith. Sweeney, J. P., Kane and Mikoll, JJ., concur.

Main and Herlihy, JJ., dissent and vote to affirm for the reasons set forth in the decision of the Unemployment Insurance Appeal Board.