■ In the Matter of SAMUEL GREEN ENGRAVING CORP., Appellant. LILLIAN ROBERTS, as Commissioner of Labor, Respondent. — Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 2, 1982, which held the employer liable for unemployment insurance contributions of $1,777.05 for the audit period from January 1, 1977 through June 30, 1979 on remuneration paid to engravers. Appellant is a company engaged in the business of engraving plates used for the stamping of engraved documents such as letterheads, business cards, etc. This is a small industry which is rapidly shrinking because of technological advances. There are about 10 such companies in New York City. Appellant and other like businesses contracted with engravers per job and on a piecework basis. The rate of compensation is determined by the number of letters a given engraver executes on a steel disc and by the style of lettering. The engravers are paid the going rate in the industry. There is a limited pool of skilled engravers available, approximately 15 in the New York City area, and appellant and other like companies draw on this pool as their businesses require. The engravers are free to accept or decline work from appellant; they work for others without restriction, and they work either at home or on the three machines appellant has on its premises, at their own discretion. They are not required to report to appellant; appellant does not supervise their work, and if their completed work contains errors, appellant has no authority to have them make corrections but rather makes corrections itself. They are paid even if the work is unsatisfactory. Although the engravers are asked to complete a job at a given time, they set their own

pace depending on the work they receive from other engraving companies and depending on which is more lucrative for them. The engravers use their own supplies and submit bills to appellant for each job. They are not required to call in if ill or if they decide to do some other job ahead of the one accepted from appellant. The board's finding of an employer-employee relationship "must rest upon evidence of control over the results produced or means used to achieve the results" (*Matter of 12 Cornelia St. [Ross]*, 56 NY2d 895). The facts here disclose a classic case of the independent contractor. There is a total absence of control by appellant over the engravers once he jobs out the work to them. The board finds it significant that appellant reserves work for certain engravers whom it has found to be more reliable than others and that it channels more demanding work to them. We find such decision-making by appellant to be a necessarily wise business decision and not evidence of control over the engravers as would indicate an employer-employee relationship. Based on all the evidence adduced, we conclude that there is an absence of substantial evidence to support the board's determination. The factual situation here leads, as a matter of law, to the conclusion that the relationship between appellant and the engravers to whom it gave work was not one of employer-employee (see *Matter of Sirotken Travel [Ross]*, 63 AD2d 1095; *Matter of Watz [Equitable Life Assur. Soc. of U. S. — Ross]*, 60 AD2d 259, affd 46 NY2d 876; *Matter of Smith [Catherwood]*, 26 AD2d 459). The decision of the board must be reversed. Decision reversed, with costs, and matter remitted to the board for further proceedings not inconsistent herewith. Mahoney, P. J., Main, Mikoll and Weiss, JJ., concur.

Yesawich, Jr., J., dissents and votes to affirm in the following memorandum. Yesawich, Jr., J. (dissenting). Since I believe the record will also support the conclusion reached by the board, I affirm (*Matter of England [Levine]*, 38 NY2d 829). That an employment relationship existed is borne out by the employer's control over the work assignments (*Matter of Caruso [Professional Data Servs. — Ross]*, 78 AD2d 957), its right to inspect and correct the engravers' work product and its assumption of responsibility for the quality of that work (*Matter of Publications Data [Ross]*, 78 AD2d 747), and by the further fact that it furnished engravers with workers' compensation coverage (*Matter of Promotion Mail Assoc. [Catherwood]*, 33 AD2d 872).