■ In the Matter of the Claim of ROSE BAILEY, Respondent. REMEE PRODUCTS CORPORATION, Appellant; LILLIAN ROBERTS, as Commissioner of Labor, Respondent.—Weiss, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 10, 1985, which ruled that claimant was entitled to receive benefits.

The question presented on this appeal is whether claimant worked as an employee or independent contractor for the corporate employer, a manufacturer of wire and cable. Claimant was engaged by the employer to cut wires and place conductors on each end. She performed this service at home. Claimant picked up the wire, conductors and storage boxes at the employer's premises, and upon completion of each task would return the items to the employer. The employer weighed the wire both at pickup and return. Claimant learned how to attach the conductors from her mother who performed a similar service for the employer. Nonetheless, the employer provided specific written and oral instructions with each order. In addition, each order had a quota and some a deadline. Claimant provided the employer with a record of work performed and was paid on a piece-work basis at a rate set by the employer. If the work proved unsatisfactory, claimant was required to correct it at her own expense. Claimant was required to file a certificate of doing business as a precondition to obtaining work from the employer. The Unemployment Insurance Appeal Board concluded that claimant was an "[i]ndustrial homeworker" as defined in Labor Law § 350 (2) (f), that all industrial homeworkers are presumed to be employees pursuant to Labor Law § 361-a, and, in any event, that an employer-employee relationship existed under common-law principles.*

On this appeal, the employer maintains that the statutory presumption was rebutted and that the characterization of claimant as an employee is not supported by substantial evidence. We disagree. As described, claimant's services fall squarely within the definition of "[i]ndustrial homeworker"

---

* The statutory provisions read as follows:

" 'Industrial homeworker' means any person who manufactures in a home, in whole or in part, with or out of material furnished by an employer for industrial homework, any article or articles to be returned to such employer directly or indirectly, or to be delivered, mailed or shipped to others" (Labor Law § 350 [2] [f]).

"Employment status of industrial homeworkers

"All industrial homeworkers shall be presumed to be employees of their employer and not independent contractors" (Labor Law § 361-a).

(Labor Law § 350 [2] [f]; *see, Matter of Roberts v Industrial Bd. of Appeals,* 101 AD2d 674, 675, *lv denied* 63 NY2d 607). Although rebuttable, the statutory presumption thus pertains. Whether an employer-employee relationship exists, however, remains a question of fact for the Board to determine on the basis of control exercised by the employer over the services performed *(see, Matter of Rivera [State Line Delivery Serv.— Roberts],* 69 NY2d 679, *cert denied* — US —, 107 S Ct 2181; *Matter of Field Delivery Serv. [Roberts],* 66 NY2d 516, 521). While control over the results produced and the means utilized is generally determinative, it is evident that the basic nature of claimant's work is not such that permits constant supervision *(see, Matter of Daugherty [Catherwood],* 24 AD2d 919, 920, *lv denied* 17 NY2d 422; *Andrews v Commodore Knitting Mills,* 257 App Div 515, 517). An analogy may be drawn to the work of professionals whose specialized services are similarly not subject to control in the manner of other employees *(see, Matter of Salamanca Nursing Home [Roberts],* 68 NY2d 901, 903). Considering the factors described above, we find sufficient indicia of over-all control to support the Board's finding of an employer-employee relationship *(see, Matter of Sepe [Mildred Victor Typing Serv.—Corsi],* 281 App Div 272; *Andrews v Commodore Knitting Mills, supra).* That there is evidence indicative of an independent contractor relationship does not compel a different result, where, as here, the Board's determination is supported by substantial evidence *(see, Matter of Field Delivery Serv. [Roberts], supra; Matter of Villa Maria Inst. of Music [Ross],* 54 NY2d 691, 693).

Decision affirmed, without costs. Main, J. P., Casey, Weiss, Mikoll and Yesawich, Jr., JJ., concur.