■ In the Matter of BRAMSON ENTERTAINMENT BUREAU, INC., Appellant. LILLIAN ROBERTS, as Commissioner of Labor, Respondent.—Casey, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 11, 1986.

Bramson Entertainment Bureau, Inc., which is engaged in the business of supplying personnel to the operators of cruise

ships, objects to a decision of the Unemployment Insurance Appeal Board finding that certain entertainers placed aboard cruise ships by Bramson were employees of Bramson and not independent contractors. Bramson contends that the Board's decision is infected by procedural infirmities and that the factual findings are not supported by substantial evidence in the record.

In a prior unreported decision, this court affirmed on October 28, 1976 a Board decision which found that an employment relationship existed between Bramson and the personnel it supplied to cruise ships. At about the same time, the Board considered a claim for benefits by an entertainer, Darlene Anders, who had been assigned by Bramson to three cruises. The Board found that Anders had worked in covered employment and that Bramson was liable for contributions based on the money paid to her. The Department of Labor thereafter conducted an audit of Bramson's records to determine Bramson's liability for additional contributions based upon the employment of Anders and others similarly situated, which resulted in an assessment of nearly $70,000.

Bramson requested a hearing on the assessment and, after several hearings, an Administrative Law Judge (hereinafter ALJ) issued a determination sustaining the assessment. On its appeal to the Board, Bramson filed a lengthy brief and numerous exhibits, and raised questions concerning the conduct of the hearings before the ALJ and the sufficiency of the evidence. The Board concluded that a further hearing was necessary to remedy some of the problems raised by Bramson and to provide additional testimony and evidence. The parties were notified of a Board hearing, with the notice containing a comprehensive and explicit request for evidence to be produced by Bramson. Contending that the Board lacked the authority to "reopen" the case to cure procedural defects and to fill in evidentiary gaps, Bramson refused to attend the hearing. When Bramson failed to appear, the Board adjourned the hearing to permit additional notification to Bramson, with an explanation that upon Bramson's failure to produce the requested evidence, the Board would presume that the evidence would be unfavorable to Bramson. When Bramson failed to produce the requested evidence, the Board issued the decision which is the subject of this appeal.

Relying upon *Matter of Olan (Ross)* (60 AD2d 113), Bramson contends that the Board erred in reopening the case for a further hearing to cure procedural defects and fill in evidentiary gaps. In *Olan* this court expressed its disapproval of the

Board's practice of unilaterally reopening a case after the Board had rendered its final decision and after the claimant had filed a brief on appeal to this court, for the purpose of curing defects raised in the brief, without giving adequate notice to the claimant of the specific points to be reconsidered by the Board. In the case at bar, the Board ordered a further hearing during the administrative appeal process to aid it in rendering the final decision. The Board has express statutory authority for ordering further hearings (Labor Law § 621 [3]), and we find no abuse of discretion in its decision to do so here *(see, Matter of Nunes [Roberts],* 98 AD2d 934). The rule set forth in *Matter of Olan (Ross) (supra)* is clearly inapplicable, particularly in view of the comprehensive and explicit notice afforded to Bramson. Bramson also argues that the Board lacked the authority to compel Bramson to produce additional evidence, but at a Board hearing "the board may require such appearances as it deems necessary" (12 NYCRR 463.3 [b]).

Bramson argues that the Board erroneously presumed facts based upon evidence not in the record. There is no merit in this argument. As noted above, prior proceedings had resulted in findings of an employment relationship between Bramson and certain entertainment personnel placed aboard cruise ships. At the hearings in this case, a representative of Bramson testified that Bramson had changed its method of operation and several sample contracts were offered to buttress this testimony. The Board viewed this evidence as raising a question of fact as to whether substantial changes actually had occurred and it directed that a further hearing be held to explore the issue, with explicit requests for relevant evidence from Bramson. When Bramson refused to cooperate, the Board understandably concluded that no substantive change had occurred. Such a conclusion was clearly within the Board's fact-finding powers *(see, Matter of Di Maria v Ross,* 52 NY2d 771).

Bramson also argues that the Board erroneously gave collateral estoppel effect to the findings in the prior proceedings. Bramson takes the position that since the Commissioner of Labor failed to submit proof that the issues in this case are identical to those decided in the prior proceedings, no weight could be given to the prior findings. We find no merit in this argument. As explained above, the Board rejected Bramson's claims of substantive changes in its method of operation, finding instead that Bramson's method of operation had remained basically constant and consistent. Based upon this finding, the Board noted that under the doctrine of issue

preclusion, Bramson could not expect a decision from the Board which was not consistent with its prior decisions. Having found no substantive change in Bramson's method of operation, the Board was justified in reaching a result consistent with prior results based upon essentially similar fact patterns, irrespective of whether all the elements of collateral estoppel had been established (see, *Matter of Field Delivery Serv. [Roberts],* 66 NY2d 516; see also, *Matter of Schwartz [Creative Tutoring—Roberts],* 91 AD2d 778, 779).

Bramson's claim that it was deprived of a fair hearing by the ALJ is not borne out by the record. Although there were several heated exchanges between the ALJ and Bramson's counsel, it does not appear that any of Bramson's rights were abridged, particularly since Bramson was given the opportunity of a further hearing before the Board. Lastly, we reject Bramson's substantial evidence argument (see, *Matter of Securities Research Serv. [Roberts],* 125 AD2d 816, *lv denied* 69 NY2d 610; *Matter of Locasto [Panache Mgt. & Consulting Corp.—Roberts],* 122 AD2d 368).

Decision affirmed, with costs. Kane, J. P., Casey, Yesawich, Jr., and Harvey, JJ., concur.