■ In the Matter of the Claim of MICHAEL BOOZER, Appellant. THOMAS F. HARTNETT, as Commissioner of Labor, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 18, 1990, which, upon reconsideration, adhered to its original decision ruling that claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause.

The Unemployment Insurance Appeal Board reopened its prior decision in claimant's case solely for the purpose of determining whether there had been compliance with the procedural safeguards set forth in the consent judgment of

*Municipal Labor Comm. v Sitkin* (79 Civ 5899). Once the Board determined that there were no substantial procedural violations, it adhered to its prior decision disqualifying claimant from receiving unemployment insurance benefits. While claimant now argues that he was never given the opportunity to defend himself in front of the Board, he was permitted to testify on his own behalf at the hearing before an Administrative Law Judge. On the record before us we find no abuse of discretion in the Board's decision not to hold a further hearing *(see,* Labor Law § 621 [3]; *cf., Matter of Bramson Entertainment Bur. [Roberts],* 136 AD2d 807). Furthermore, there was substantial evidence to support the Board's conclusion that claimant's absence from work for an extended period without notifying his employer constituted voluntarily leaving employment without good cause *(see, Matter of James [Levine],* 34 NY2d 491; *Matter of Giammarino [Levine],* 49 AD2d 793, *lv denied* 38 NY2d 707).

Weiss, J. P., Mikoll, Yesawich Jr., Mercure and Crew III, JJ., concur. Ordered that the decision is affirmed, without costs.