■ In the Matter of BUFFALO SUZUKI STRINGS, INC., Appellant. JOHN F. HUDACS, as Commissioner of Labor, Respondent. [600 NYS2d 171] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed January 21, 1992, which assessed Buffalo Suzuki Strings, Inc. for additional unemployment insurance contributions.

Buffalo Suzuki Strings, Inc. (hereinafter the company) provides musical education and lessons to various individuals. The Commissioner of Labor determined that the company's two bookkeepers and a cleaner were employees and assessed it for additional unemployment insurance contributions. This determination was upheld by an Administrative Law Judge after a hearing and finally by the Unemployment Insurance Appeal Board.

We affirm. With respect to the bookkeepers, they had no businesses of their own and the company provided them with their supplies, including postage and printed stationery. The company also set their rate of pay and they reported to the company to pick up and sort mail. The company's director would also occasionally specify certain tasks for them to do. Given these facts and the record before us, there is substantial evidence to support the Board's conclusion that the company exercised sufficient direction and control over these individuals to establish their status as employees (see, Matter of Promotion Mail Assocs. [Catherwood], 33 AD2d 872, lv denied 26 NY2d 613; see also, Matter of Frattallone [Victor Addressing Corp.—Levine], 39 AD2d 984).

Turning to the question of the cleaner's services, the record does not provide much detail. In his initial determination the Commissioner noted, inter alia, that the cleaner was paid at a rate set by the company and had no business of her own. The Commissioner's determination is made "on the basis of such information as he may be able to obtain" (Labor Law § 571) and it was the company who requested the hearing to contest the Commissioner's findings (see, Labor Law § 620 [2]). At the hearing, however, the only evidence presented by the company on this issue was the testimony of one of its bookkeepers who admitted that she had no direct knowledge of the cleaner's duties or where the cleaner obtained her supplies and equipment. Whether an employer-employee relationship exists is a question of fact for the Board to resolve on the basis of all the evidence presented (see, Matter of Mid-Hudson Publs., King-

*ston Daily Freeman Div. [Roberts],* 119 AD2d 959, *lv denied* 68 NY2d 609) and, under the circumstances present in this case, there is substantial evidence to support the Board's finding *(cf., Matter of McGee [Levine],* 37 AD2d 785; *see generally, Matter of Bramson Entertainment Bur. [Roberts],* 136 AD2d 807). The company's remaining contentions have been considered and rejected for lack of merit.

Mikoll, J. P., Yesawich Jr., Levine and Crew III, JJ., concur. Ordered that the decision is affirmed, without costs.