■ In the Matter of HERTZ CORPORATION, Appellant. COMMISSIONER OF LABOR, Respondent. [756 NYS2d 298] —Carpinello, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 25, 2001, which assessed Hertz Corporation for additional unemployment insurance contributions.

In *Matter of Eisner (Hertz Corp.—Commissioner of Labor)* (252 AD2d 847, *appeal dismissed* 92 NY2d 946 [hereinafter *Eisner*]), this Court concluded that substantial evidence supported a determination of the Unemployment Insurance Appeal Board finding the claimant, a sales representative who distributed travel brochures to travel agencies pursuant to a "Special Travel Agency Representative Service" (hereinafter STARS) agreement, and those similarly situated, to be an employee of the Hertz Corporation (hereinafter the employer) rather than an independent contractor. After this decision, a hearing was conducted at the employer's request to challenge the additional assessed contributions relating to the other similarly situated sales representatives. An Administrative Law Judge ruled that petitioner owed approximately $23,400

in additional contributions for the period January 1, 1994 through March 31, 1997 as assessed by the Department of Labor. On administrative appeal, the Board affirmed. The employer appeals.

It was established through the testimony of the tax auditor employed by the Department of Labor that those individuals involved in the audit were employed in a similar capacity as the claimant in *Eisner* (i.e., as sales representatives pursuant to similar STARS agreements) such that the employer should be assessed additional contributions for them (*see* Labor Law § 620 [1] [b]; *see also Matter of Braunstein [Dinaire Corp.— Commissioner of Labor]*, 250 AD2d 899, 900; *Matter of Bramson Entertainment Bur. [Roberts]*, 136 AD2d 807; *Matter of Eastern Suffolk School of Music [Roberts]*, 91 AD2d 1123, *lv denied* 60 NY2d 554). The employer offered no evidence to contradict the auditor's testimony that these individuals were STARS representatives who signed substantially identical contracts as that of the *Eisner* claimant or that the final figure was otherwise flawed. To the contrary, the employer's senior counsel for employee relations confirmed that all individuals on the audit list were STARS sales representatives who operated under the same agreement as that of the claimant in *Eisner*. Under these circumstances, the record contains substantial evidence to support the Board's determination (*see Matter of Bramson Entertainment Bur. [Roberts], supra*).

As a final matter, it was not error for the Administrative Law Judge or the Board to treat this Court's decision in *Eisner* as final for the purpose of determining whether additional contributions were due. The Court of Appeals' dismissal of the employer's appeal to that Court as nonfinal for its own jurisdictional purposes (*see* NY Const, art VI, § 3 [b] [1]; *see also* CPLR 5601 [a]) did not render the underlying order (i.e., this Court's prior decision) without force or binding effect. To the extent that the employer claims that it is entitled to "its just review" of the matter by the Court of Appeals, since two Justices of this Court dissented in *Eisner*, this is an argument that needs to be made to that Court.

The employer's remaining contentions have been reviewed and found to be lacking in merit.

Cardona, P.J., Mercure, Spain and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.