*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  June 25, 2015          519965
_____

In the Matter of the Claim of
    BARBARA B. INGLE,
                    Respondent.

THE MECHANICAL SECRETARY,
    INC.,
                    Appellant.          MEMORANDUM AND ORDER

COMMISSIONER OF LABOR,
                    Respondent.
_____


Calendar Date:  June 2, 2015

Before:  Peters, P.J., Lahtinen, Garry and Lynch, JJ.

_____


        Roy Jacobs & Associates, New York City (Roy L. Jacobs of counsel), for appellant.

        Cynthia Feathers, Glens Falls, for Barbara B. Ingle, respondent.

_____


Lynch, J.

        Appeal from a decision of the Unemployment Insurance Appeal Board, filed January 10, 2014, which ruled, among other things, that The Mechanical Secretary, Inc. was liable for unemployment insurance contributions based on remuneration paid to claimant and others similarly situated.

        Claimant was a transcriber of administrative hearing tapes for The Mechanical Secretary, Inc., a company that provides various transcription services for its clients.  By initial determination, the Department of Labor granted claimant's

application for unemployment insurance benefits. Following a hearing, an Administrative Law Judge found claimant to be an independent contractor and overruled the initial determination. Ultimately, the Unemployment Insurance Appeal Board ruled, among other things, that an employer-employee relationship existed between The Mechanical Secretary and claimant and those similarly situated and that The Mechanical Secretary was liable for additional unemployment contributions based upon remuneration paid to those transcribers. This appeal ensued.

"Whether an employment relationship exists within the meaning of the unemployment insurance law is a question of fact, no one factor is determinative and the determination of the [Board], if supported by substantial evidence on the record as a whole, is beyond further judicial review even though there is evidence in the record that would have supported a contrary conclusion" (Matter of Concourse Ophthalmology Assoc. [Roberts], 60 NY2d 734, 736 [1983] [citation omitted]). "An employer-employee relationship exists when the evidence shows that the employer exercises control over the results produced or the means used to achieve the results" (Matter of Empire State Towing & Recovery Assn., Inc. [Commissioner of Labor], 15 NY3d 433, 437 [2010] [citation omitted]). Here, the record establishes that The Mechanical Secretary advertised for transcriber positions. The president would interview the applicants and assess the quality of their work. The transcriber was required to have certain equipment, but The Mechanical Secretary would loan the transcriber a transcription machine if needed. The Mechanical Secretary arranged to have the work delivered to and picked up from the transcribers within a certain area. In claimant's case, however, because she did not live in close proximity to the company, she was required to pick her work up at its office and to return the completed work to that office by 9:00 a.m. Claimant was occasionally reimbursed for her travel expenses. Significantly, The Mechanical Secretary set the nonnegotiable pay rate, supplied all the paper needed by the transcribers, and reviewed the final product for mistakes and would correct any minor mistakes or, where the mistakes were significant, send it back to be corrected by the transcriber. Furthermore, The Mechanical Secretary had to be notified if a transcriber was going to take any vacation. Given the evidence produced, we find

that there is substantial evidence to support the Board's finding that The Mechanical Secretary exercised a sufficient degree of control over claimant's work to establish an employment relationship (see Matter of Amoroso [Laraine T. Carmichael Ltd.-Commissioner of Labor], 22 AD3d 940, 942 [2005]; Matter of Medical Transcription Plus [Commissioner of Labor], 302 AD2d 689, 690 [2003]; Matter of Bailey [Remee Prods. Corp.-Roberts], 132 AD2d 820, 821 [1987].

We are unpersuaded by The Mechanical Secretary's contention that the Board was bound by a prior unappealed Administrative Law Judge decision that found medical transcribers that it had used to be independent contractors. Claimant, who is not a medical transcriber, was not involved in that prior proceeding such that there was a full and fair opportunity for her to contest the decision, nor is the Board "required to conform to the precedent established in the prior unappealed decision or offer a rational explanation for not doing so" (Matter of Bull [Yansick Lbr. Co.-Sweeney], 235 AD2d 722, 723 [1997], lv dismissed 90 NY2d 913 [1997]). In any event, the record before us discloses that The Mechanical Secretary exercised additional indicia of control over claimant's work not found with regard to the medical transcribers.

Peters, P.J., Lahtinen and Garry, JJ., concur.

ORDERED that the decision is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court