■ In the Matter of the Claim of JOSEPH P. ZAHARUK, Respondent. GUIDEPOST SOLUTIONS LLC, Appellant; COMMISSIONER OF LABOR, Respondent. [25 NYS3d 413]—

Clark, J. Appeals from two decisions of the Unemployment Insurance Appeal Board, filed June 11, 2014, which ruled that Guidepost Solutions LLC is liable for unemployment insurance contributions on remuneration paid to claimant and others similarly situated.

Guidepost Solutions LLC is a consulting organization specializing in investigatory work. Guidepost engaged claimant to investigate claims submitted to its client, an entity created to administer funds earmarked to compensate individuals and commercial entities for damages caused by the British Petroleum oil spill. The Unemployment Insurance Appeal Board determined that an employer-employee relationship existed between Guidepost and claimant and that Guidepost was liable for contributions based on remuneration paid to claimant and others similarly situated. Guidepost now appeals.

We affirm. "The existence of an employer-employee relationship is a factual issue for the Board to resolve and its decision will be upheld if supported by substantial evidence" (*Matter of Ruano [Legal Interpreting Servs., Inc.—Commissioner of Labor]*, 118 AD3d 1088, 1088 [2014] [citations omitted], *lv dismissed* 24 NY3d 1039 [2014]; *accord Matter of Klotz [Blue Perimeter, Inc.—Commissioner of Labor]*, 127 AD3d 1459, 1460 [2015]). "An employer-employee relationship exists when the evidence shows that the employer exercises control over the results produced or the means used to achieve the results" (*Matter of Empire State Towing & Recovery Assn., Inc. [Commissioner of Labor]*, 15 NY3d 433, 437 [2010] [citation omitted]; *accord Matter of Ingle [Mechanical Secretary, Inc.—Commissioner of Labor]*, 129 AD3d 1424, 1425 [2015]).

Here, the record contains substantial evidence that Guidepost exercised the requisite control to establish an employer-employee relationship. Claimant received three days of training on how the written reports of his investigations were to be drafted and was reimbursed for the related travel expenses. Guidepost provided the claims to be investigated to claimant, who worked from home in New York. Claimant used reports filed by Guidepost's field investigators in Louisiana in evaluating the veracity of the damage claims. Claimant submitted his final written reports to Guidepost, which forwarded them on to its client. Guidepost handled all of the client's complaints, and the client was not aware of who had actually prepared the report. Claimant and Guidepost entered into a written agreement, pursuant to which claimant was paid a set hourly rate and was required to submit monthly invoices to Guidepost containing a log of times and dates and a detailed description

of the work performed. Guidepost agreed to pay all approved business expenses. Guidepost also placed restrictions on claimant's solicitation of or provision of services to Guidepost's clients during his employment and for a year following separation and required him to adhere to a code of conduct. Given this evidence, the Board could properly find that claimant was an employee, notwithstanding the evidence in the record that could support a contrary finding (*see Matter of Ruano [Legal Interpreting Servs., Inc.—Commissioner of Labor]*, 118 AD3d at 1089; *Matter of Perdue [Environmental Compliance, Inc.—Commissioner of Labor]*, 47 AD3d 1139, 1140-1141 [2008]).

McCarthy, J.P., Egan Jr. and Lynch, JJ., concur. Ordered that the decisions are affirmed, without costs.