Matter of Harry's Nurses Registry, Inc. (Commissioner of Labor) (2019 NY Slip Op 03114)





Matter of Harry's Nurses Registry, Inc. (Commissioner of Labor)


2019 NY Slip Op 03114


Decided on April 25, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 25, 2019

525982

[*1]In the Matter of HARRY'S NURSES REGISTRY, INC., Doing Business as HARRY'S HOME CARE, Appellant. COMMISSIONER OF LABOR, Respondent.

Calendar Date: March 19, 2019

Before: Lynch, J.P., Clark, Mulvey, Aarons and Rumsey, JJ.


Raymond Nardo, Mineola, for appellant.
Letitia James, Attorney General, New York City (Dawn A. Foshee of counsel), for respondent.



MEMORANDUM AND ORDER
Lynch, J.P.
Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 7, 2017, as superceded by a decision filed September 6, 2018, which assessed Harry's Nurses Registry, Inc. for additional unemployment insurance contributions.
Harry's Nurses Registry, Inc., doing business as Harry's Home Care (hereinafter HNR), is a staffing agency that provides health care services to its clients, which consist of hospitals, nursing homes and private patients. To provide these services to its clients, HNR retains the services of registered nurses, licensed practice nurses, certified home health aides and personal care aides (hereinafter collectively referred to as health care workers). Following an audit for the years 2008, 2009 and 2010, the Department of Labor issued an initial determination that assessed HNR for additional unemployment contributions based upon remuneration paid to its health care workers. HNR objected to the determination, and, following hearings, an Administrative Law Judge, among other things, sustained the objection, overruling the Department's assessment of unemployment insurance contributions for the at-issue period. Upon administrative review, the Unemployment Insurance Appeal Board, in a February 2017 decision, reversed the Administrative Law Judge's decision and upheld the Department's initial determination assessing unemployment insurance contributions, and this appeal ensued.
In May 2018, while this appeal was pending, the Board sua sponte reopened its February 2017 decision pursuant to Labor Law § 534 "to reconsider all issues," and, upon request, this appeal was held in abeyance pending the Board's further proceedings. In a September 2018 decision, the Board rescinded its prior February 2017 decision, reversed the decision of the Administrative Law Judge and sustained the Department's initial determination. In so doing, the Board found that the health care workers were employees of HNR and, further, that the Board was not bound by a prior unappealed Administrative Law Judge decision from [*2]June 1999 that found HNR's health care workers that it had retained to be independent contractors. This appeal was subsequently restored to the Court's calendar, and supplemental briefing ensued.[FN1]
We affirm. HNR's sole contention on appeal is that the Board's September 2018 decision was improper because it is bound by the prior unappealed Administrative Law Judge decision from 1999 finding that, for the audit years 1993, 1994 and 1995, HNR's health care workers were independent contractors [FN2]. We disagree. The Board is not "'required to conform to the precedent established in a prior unappealed decision [of an Administrative Law Judge] or offer a rational explanation for not doing so'" (Matter of Ingle [Mechanical Secretary, Inc.-Commissioner of Labor], 129 AD3d 1424, 1426 [2015], quoting Matter of Bull [Yansick Lbr. Co.-Sweeney], 235 AD2d 722, 723 [1997], lv dismissed 90 NY2d 913 [1997]; see generally Labor Law § 621 [3]). Moreover, the underlying determination under review covered a different audit period, and the Board articulated its reasons for deciding this matter differently — to wit, that this case presented additional factors or indicia of control over important aspects of the work performed by the health care workers that were not present or identified in the prior 1999 decision of the Administrative Law Judge (see Matter of Charles A. Field Delivery Serv. [Roberts], 66 NY2d 516, 520 [1985]; Matter of Ingle [Mechanical Secretary, Inc.-Commissioner of Labor], 129 AD3d at 1426; Matter of McKenna [Can Am Rapid Courier-Sweeney], 233 AD2d 704, 705 [1996], lv denied 89 NY2d 810 [1997]). Accordingly, we discern no basis upon which to disturb the determination of the Board.
Clark, Mulvey, Aarons and Rumsey, JJ., concur.
ORDERED that the decision is affirmed, without costs.



Footnotes

Footnote 1: We note that the merits of the Board's September 6, 2018 decision are reviewable by this Court on the pending appeal, as HNR is aggrieved by that decision in essentially the same manner as it was by the appealed-from decision (see Matter of Tracy [Commissioner of Labor], 145 AD3d 1218, 1219 & n [2016]; Matter of McCauley [Commissioner of Labor], 104 AD3d 973, 973 [2013]).

Footnote 2: We do not consider HNR's argument that the record does not contain substantial evidence to support the Board's determination that HNR's health care workers are employees for purposes of the unemployment insurance law. "This contention was improperly raised for the first time in [HNR's supplemental reply memorandum of law] to this [C]ourt" (People v Ford, 69 NY2d 775, 777 [1987]; see Matter of Jay's Distribs., Inc. v Boone, 148 AD3d 1237, 1241 [2017], lv denied 29 NY3d 918 [2017]; see generally Rules of App Div, All Depts [22 NYCRR] § 1250.8 [b], [d]) and was also not raised in HNR's supplemental brief submitted to this Court.