■ In the Matter of LILLIAN ROBERTS, as Commissioner of Labor of the State of New York, Appellant, v INDUSTRIAL BOARD OF APPEALS OF THE STATE OF NEW YORK et al., Respondents. — Appeal from a judgment of the Supreme Court at Special Term (Prior, Jr., J.), entered March 9, 1983 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of the Industrial Board of Appeals of the State of New York granting respondent Soft Images, Inc., a permit to distribute industrial homework. ¶ Respondent Soft Images, Inc., designs and manufactures "soft sculpture" decorative display items such as pillows, animals and

mobiles which require cutting, sewing and stuffing. In 1980, petitioner, Commissioner of Labor, found Soft Images to have been distributing industrial homework without a permit in violation of section 352 of the Labor Law. Industrial homework is the practice of employing workers at their homes for the manufacturing of certain products (see Labor Law, § 350, subd 2, pars e, f). Soft Images paid a $250 fine for its violation. ¶ In January, 1981, on a form supplied by petitioner, Soft Images applied to petitioner for a permit to distribute industrial homework. Such application was denied in June, 1981 on the sole ground that Soft Images had "ample opportunity to employ additional workers and to make shift arrangements to accommodate those workers to continue the production output you demand". In a postscript to her determination, petitioner informed Soft Images that, pursuant to section 101 of the Labor Law, it could appeal the determination to respondent Industrial Board of Appeals (IBA). Accordingly, Soft Images filed a petition with the IBA. At the hearing before the IBA, for the first time, petitioner contended that a consideration of the merits was unnecessary since she had no authority to issue a permit. The IBA rejected this contention and, turning to the merits, found that petitioner's determination had no basis in the evidence and was accordingly unreasonable. The IBA, therefore, remanded the matter to petitioner to issue a permit. Petitioner then commenced the instant CPLR article 78 proceeding pursuant to section 102 of the Labor Law. Special Term confirmed the determination of the IBA and dismissed the petition. This appeal ensued. ¶ Petitioner's primary argument is that she does not possess statutory authority to grant individual homework permits in industries not covered by an industry-wide homework order. This contention, based upon subdivision 1 of section 351 of the Labor Law, is without merit since paragraph b of subdivision 2 of that section specifically grants the Commissioner of Labor the authority to make exception to the subject article (art 13) of the Labor Law. Such contention by petitioner is particularly disingenuous in this case, as she supplied Soft Images with an application form for an exception and, in fact, entertained the application on the merits, not raising an issue with respect to her authority until the matter was before the IBA. We would also note that petitioner's position with regard to this issue appears contrary to her actual practice, detailed in the record, of granting individual permits in what appear to be industries not covered by an industry-wide homework order (see 12 NYCRR part 160). ¶ Petitioner next suggests that she has *sole* discretionary authority to determine applications for homework permits and, accordingly, that her determination is not subject to review by the IBA. This contention must be rejected. Petitioner's argument overlooks those provisions of the Labor Law which empower the IBA to review "the validity or reasonableness of any rule, regulation or order made by the commissioner" (Labor Law, § 101, subd 1; emphasis added). "If the board finds that the rule, regulation or order, or any part thereof, is invalid or unreasonable it should revoke, amend or modify the same" (Labor Law, § 101, subd 3). Moreover, in creating the IBA, the Legislature stated that: "Notwithstanding any other provision of this chapter or any other law, neither the industrial commissioner [now. Commissioner of Labor] nor any board or other agency of the department of labor shall in any way direct, review, modify or reverse any decision or finding of the board, nor shall the industrial commissioner * * * supervise or control the board in the exercise of any powers or in the performance of its duties or functions under this chapter" (Labor Law, § 100, subd 8). ¶ Consequently, the IBA had statutory authority to review, revoke or modify petitioner's denial of the industrial homework permit. We find petitioner's present argument to be inconsistent with the fact that, in denying Soft Images' application, she informed it that: "If you are aggrieved by this determination, you may appeal within 60 days to the

Industrial Board of Appeals as provided by Section 101 of the Labor Law." ¶ We have considered petitioner's remaining assertions and find them unpersuasive. Consequently, the judgment dismissing the petition must be affirmed. ¶ Judgment affirmed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.