■ In the Matter of LILLIAN ROBERTS, as Commissioner of Labor of the State of New York, Appellant, v INDUSTRIAL BOARD OF APPEALS OF THE STATE OF NEW YORK et al., Respondents. (And Another Related Proceeding.) — Appeals from two judgments of the Supreme Court at Special Term (Torraca, J.), entered November 2, 1983 in Albany County, which dismissed petitioner's applications, in proceedings pursuant to CPLR article 78, to set aside a determination of the Industrial Board of Appeals of the State of New York revoking certain orders issued by petitioner and directing petitioner to issue industrial homework permits.

Respondents Kathy's Krafts, Inc., and DK Electronics Assembly, Inc. (hereafter respondents) were engaged in the same type of business. They received raw materials from a manufacturer from which to produce small transformers, which were in turn used by the manufacturer in its own electronics production. Subassembly of the transformers was hand done by inserting a wire through one or more holes in the transformer core material, winding the wire around the core and clipping off any excess.

Respondents did not maintain factory operations for the transformer production, but rather distributed the raw materials to individuals who did the work in their homes. Each individual was shown a blueprint of a particular transformer to be produced, shown the process by which to make it, and then given the materials to work with. These individuals had no set quotas for production, but worked at their own pace and were paid on a per piece basis. Respondents did not supervise any individual subassemblers other than a final product inspection to determine which transformers respondents would accept and pay for.

Petitioner, the Commissioner of Labor of the State of New York, issued to both respondents individual notices of violation and orders to comply with article 13 of the Labor Law, which regulates the distribution of industrial homework. The notice issued to respondent DK Electronics, Inc., also alleged that it failed to maintain proper employee records and directed it to do so, in accordance with 12 NYCRR part 142. Thereafter, petitioner issued an order against respondents which assessed civil penalties for the alleged violations of industrial homework laws. Subsequent applications by respondents for permits to distribute industrial homework were denied by petitioner.

Respondents appealed all of petitioner's orders to respondent Industrial Board of Appeals (hereafter IBA). The IBA revoked the notices of violation and orders to comply, as well as the civil penalties imposed, and remitted the matter back to petitioner with a direction to issue permits to respondents for the distribution of homework. Petitioner then commenced these two CPLR article 78 proceedings to review the IBA's determination. Special Term dismissed the petitions and the instant appeals ensued.

Petitioner argues that the IBA was without authority to revoke the orders of violations and civil penalties and to direct petitioner to issue homework distribution permits. This argument fails on the statutory language and this court's recent decision in *Matter of Roberts v Industrial Bd.* (101 AD2d 674, app dsmd 63 NY2d 607).

Subdivision 1 of section 101 of the Labor Law provides that the board may review "the validity or reasonableness of any rule, regulation or order made by the commissioner". Subdivision 3 of section 101 of the Labor Law directs that: "If the board finds that the rule, regulation or order, or any part thereof, is invalid or unreasonable it shall revoke, amend or modify the same." Additionally, the Legislature gave the IBA autonomy in its review function (Labor Law, § 100, subd 8).

In the instant case, the IBA reviewed all of petitioner's orders, determined them to be unreasonable, and revoked or modified them accordingly. Similarly, in *Matter of Roberts v Industrial Bd.,* the IBA had directed the commissioner to issue an industrial homework distribution permit which she had initially denied. Based upon the above-referenced statutory authority, this court upheld the IBA's action (*id.,* at p 675). It should be noted that petitioner makes no attempt to distinguish *Matter of Roberts v Industrial Bd. (supra).* Consequently, Special Term properly concluded that the IBA had authority to revoke and modify petitioner's orders.

The gravamen of petitioner's remaining points is that the IBA's action in revoking the orders and directing that industrial homework permits be issued to respondents was arbitrary and capricious. A review of the record reveals that these arguments are without merit. Special Term's dismissal of the petitions must, therefore, be affirmed.

Judgments affirmed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.