In the Matter of THOMAS F. HARTNETT, as Commissioner of Labor of the State of New York, Appellant, v VILLAGE OF BALLSTON SPA, Respondent.

Third Department, November 9, 1989

APPEARANCES OF COUNSEL

*Robert Abrams, Attorney-General (Richard Corenthal* and *Jane Lauer Barker* of counsel), for appellant.

*Harry W. Seibert, Jr., Village Attorney,* for respondent.

*Lombardi, Reinhard, Walsh & Harrison (Richard P. Walsh, Jr.,* and *Thomas J. Jordan* of counsel), for New York State Professional Fire Fighters Association, Inc., *amicus curiae.*

*Edward M. Cooke* for Firemen's Association of the State of New York, *amicus curiae.*

## OPINION OF THE COURT

MERCURE, J.

The facts are not in dispute. Respondent maintains an all-volunteer fire department which is composed of two separate fire companies, Eagle Matt Lee Fire Company and the Union Fire Company. In 1986, an inspector from the Department of Labor conducted an inspection of respondent's fire department. Petitioner issued a notice of violation and order to comply which listed six violations of the Public Employee Safety and Health Act (hereinafter PESH Act) *(see,* Labor Law § 27-a). Follow-up investigations were conducted which revealed that the Union Fire Company had corrected only 2 of the 6 violations. Petitioner commenced this proceeding pursuant to CPLR article 78 seeking to enforce its order to comply. Supreme Court, ruling that volunteer firefighters do not receive compensation in exchange for work and thus are not employees under the PESH Act, dismissed the petition (140 Misc 2d 1030).[1] Petitioner now appeals.

We are faced with the narrow question of whether volunteer firefighters are included within the PESH Act's definition of "employees" as "persons permitted to work by an employer" (Labor Law § 27-a [1] [b]). Petitioner argues that this is a broad definition and that, contrary to respondent's assertion, an exchange of services for wages is not required. Petitioner contends that the intent of the act was to protect all employees who were not covered by the Federal Occupational Safety and Health Act (hereinafter OSHA) *(see,* 29 USC § 651 *et seq.)* and that volunteer firefighters were not excepted from coverage of the PESH Act. We agree and, accordingly, reverse that part of the judgment which dismissed the petition.

---

1. Supreme Court's judgment also dismissed a counterclaim asserted in respondent's answer, a matter which has not been appealed.

It is well settled that the construction given a statute by the agency responsible for its administration, if not irrational or unreasonable, should be upheld *(see, Matter of Howard v Wyman,* 28 NY2d 434, 438). As the Court of Appeals held in *Matter of Mounting & Finishing Co. v McGoldrick* (294 NY 104, 108), "statutory construction is the function of the courts 'but where the question is one of specific application of a broad statutory term in a proceeding in which the agency administering the statute must determine it initially, the reviewing court's function is limited' *(Board* v. *Hearst Publications,* 322 U.S. 111, 131)". When it is determined that there is a rational basis for the administrative agency's interpretation, the judicial function is exhausted *(see, Matter of Howard v Wyman, supra,* at 438). Here, the Department of Labor, the agency authorized to administer the PESH Act, has interpreted the act to cover volunteer firefighters. In light of the PESH Act's broad definition of "employees" and the fact that volunteer firefighters are defined as employees under other State laws *(see, e.g.,* Volunteer Firefighters' Benefit Law § 2), we conclude that the Department's interpretation is reasonable and consistent with the remedial purpose of the PESH Act to assure safe and healthful workplaces for the State's public employees.

If we considered this a matter of pure statutory construction, dependent only on accurate apprehension of legislative intent, and did not rely on the special expertise of the agency *(see, Matter of Yong-Myun Rho v Ambach,* 74 NY2d 318; *Kurcsics v Merchants Mut. Ins. Co.,* 49 NY2d 451, 459), the result would be no different since our interpretation of the PESH Act is consistent with that of petitioner. OSHA was enacted to assure safe and healthful working conditions for private-sector employees *(see,* 29 USC § 651 [b]; § 652 [5]). The PESH Act implemented the State's plan covering public employees and adopted all OSHA standards (Labor Law § 27-a [4]), including the Federal fire brigade standard which requires, *inter alia,* that firefighters be provided with annual training, equipment in proper working condition and proper protective equipment, including positive pressure breathing apparatus (29 CFR 1910.156). We reject respondent's argument that if the Legislature intended to cover volunteer firefighters under the PESH Act, it would have expressly done so. This argument is contrary to the rule of statutory construction that "[t]he fact that an act contains no exception or saving clause creates a strong presumption that the Legisla-

ture intended none" (McKinney's Cons Laws of NY, Book 1, Statutes § 213, at 374), especially applicable here since, at the time of its enactment, volunteer firefighters comprised one of the largest hazard groups subject to PESH Act coverage.[2] Additionally, the PESH Act is remedial in nature and, thus, is to be liberally construed, to spread its beneficial result as widely as possible (see, McKinney's Cons Laws of NY, Book 1, Statutes §§ 35, 321).

It is also a well-recognized principle of statutory construction that statutes which are in pari materia must be construed in harmony with one another. The Volunteer Firefighters' Benefit Law, which is designed to compensate volunteer firefighters for injuries incurred while fighting fires, has a similar purpose to the PESH Act, enacted to ensure that public employees are provided safe workplaces so as to reduce the likelihood of injuries, illness or death. Because the statutes have a similar purpose, the definition of employee under the PESH Act should be read in conjunction with the definition of employee under the Volunteer Firefighters' Benefit Law (see, McKinney's Cons Laws of NY, Book 1, Statutes § 221). If the two statutes are not harmonized by reading them together, a volunteer firefighter will be deprived of training to protect from injuries that he will be entitled to be compensated for, clearly frustrating the intent of the Legislature.

Accordingly, we conclude that volunteer firefighters are included within the PESH Act definition of "employees", and if they are to be specifically excluded, it is a matter for the Legislature. The judgment of Supreme Court should therefore be modified and the petition granted.

KANE, J. P., MIKOLL, YESAWICH, JR., and HARVEY, JJ., concur.

Judgment modified, on the law, without costs, by reversing so much thereof as dismissed the petition; petition granted and respondent is directed to correct the outstanding violations of the Public Employee Safety and Health Act within 30 days after service of a copy of the order to be entered upon this decision, with notice of entry; and, as so modified, affirmed.

---

2. There are approximately 104,000 volunteer firefighters State-wide. Of the approximately 1,700 fire departments in this State, some 1,600 departments are comprised of all volunteer firefighters.