■ In the Matter of FIRST COINVESTORS, INC., Petitioner, v HERBERT CARR, as Chairman of the Industrial Board of Appeals, et al., Respondents.—Petition in this proceeding pursuant to CPLR article 78, transferred to this court by order of the Supreme Court, New York County (Elliott Wilk, J.), entered on October 5, 1988, challenging a determination by respondents, dated May 28, 1987, which, following a hearing, upheld an order to comply issued by the Commissioner of Labor on January 20, 1984, is unanimously denied, respondents' determination confirmed and the proceeding dismissed, without costs or disbursements.

The determination being challenged herein should be confirmed and the petition denied and dismissed since there is substantial evidence in the record to support the ruling of the Industrial Board of Appeals *(see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176). In that regard, Labor Law § 101 (1) limits the Industrial Board of Appeals to reviewing the "validity or reasonableness" of any order issued by the Commissioner of Labor *(see, Matter of Roberts v Industrial Bd. of Appeals,* 106 AD2d 777). There is no indication that the Commissioner's order in the present matter was unreasonable or otherwise invalid, and thus, the Industrial Board of Appeals was warranted in upholding it. This court's authority to examine the decision by the Board of Appeals is restricted to ascertaining whether there was a rational basis for the Board of Appeals' action in affirming the findings of the Commissioner of Labor *(see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights, supra).* Applying such standard, the Board of Appeals appropriately affirmed the action of the Commissioner of Labor in construing New York law to equate "commissions" with "wages" which must be paid at least once a month and no later than the last day of the month following the month in which they are earned (Labor Law § 190 [1]; § 191 [1] [c]) and which, absent an agreement to the contrary, are not generally forfeited by the employee's discharge or resignation. Thus, the facts before the Commissioner support the ruling in favor of claimants directing that they be accorded two months' commissions. Concur—Kupferman, J. P., Ross, Milonas, Rosenberger and Ellerin, JJ.