■ In the Matter of DAWN JOY FASHIONS, INC., Appellant, v COMMISSIONER OF LABOR OF THE STATE OF NEW YORK et al., Respondents.—Crew III, J. Appeal from a judgment of the Supreme Court (Conway, J.), entered August 7, 1991 in Albany County, which, in a proceeding pursuant to CPLR article 78, dismissed the petition for lack of personal jurisdiction.

On August 18, 1987, respondent Commissioner of Labor issued two orders assessing civil penalties of $1,000 and $1,500 against petitioner for violations of Labor Law § 352 (1) and § 354-a. Petitioner timely filed a petition for administrative review of the Commissioner's orders with respondent Industrial Board of Appeals (hereinafter the IBA). The IBA affirmed the validity of both orders and reduced the civil penalties assessed to $500 and $750, respectively. Petitioner then commenced this CPLR article 78 proceeding to challenge the IBA's determination. Petitions were served by petitioner on the IBA and Attorney-General, but not on the Commissioner. The IBA interposed an answer and raised an objection in point of law asserting that petitioner failed to join the Com-

missioner, who is a necessary party to the proceeding. Supreme Court determined that the Commissioner was a necessary party and dismissed the petition. This appeal by petitioner ensued.

Initially, we reject petitioner's contention that service upon the IBA was sufficient to effect service upon the Commissioner. Although the IBA is a board within the Department of Labor, it is not supervised or controlled by the Commissioner or any other agency within the Department (see, Labor Law § 100 [1], [8]). In short, the IBA, vis-à-vis the Commissioner, has been vested with statutory autonomy (see, Matter of Roberts v Industrial Bd. of Appeals, 106 AD2d 777, 778).

The issue to be determined is whether the Commissioner is a necessary party to this proceeding. Parties necessary to a proceeding are classified as those who ought to be joined if complete relief is to be accorded between those who are parties and those who might be inequitably affected by a judgment in the proceeding (see, CPLR 1001 [a]; Matter of McSweeney v Board of Educ., 138 AD2d 847). The question distills to whether the Commissioner might be inequitably affected by a judgment in this proceeding. We think that he might. Upon judicial review the court must determine whether there is substantial evidence in the record to support the determination of the IBA (see, Matter of First Coinvestors v Carr, 159 AD2d 209). In the event that the reviewing court determined that the orders of the Commissioner were not supported by substantial evidence it would, of necessity, conclude that the ruling of the IBA was not rational, annul that determination and revoke the orders of the Commissioner (see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights, 45 NY2d 176). Because a new hearing would then be impermissible (cf., Matter of Hartje v Coughlin, 70 NY2d 866, 868) revocation of the orders would be final, thereby preventing the Commissioner from enforcing collection of the civil penalties he had imposed. Accordingly, we find that the Commissioner might be inequitably affected by a judgment in this proceeding and is therefore a necessary party thereto.

Weiss, P. J., Yesawich Jr., Mahoney and Harvey, JJ., concur. Ordered that the judgment is affirmed, without costs.