*624 OPINION OF THE COURT
Robert C. Williams, J.
Petitioner John F. Hudacs, Commissioner of Labor of the State of New York (the Commissioner), imposed a fine of $2,268 on the Village of Hoosick Falls (the Village) for violating various provisions of Labor Law § 27-a, the Public Employee Safety and Health Act (PESH Act). The Village appealed the fine to the Industrial Board of Appeals (the IBA). After a hearing, the IBA reduced the fine to $908. In this article 78 proceeding, the Commissioner asks the court to modify the IBA’s reduction of the fine on the grounds that the IBA’s decision was affected by an error of law and was arbitrary and capricious and an abuse of discretion (CPLR 7803 [3]). The court denies the relief sought by the Commissioner.
On or about July 17, 1990, Department of Labor Inspector Donald M. Valerino inspected the Village of Hoosick Falls Waterworks. During the course of the inspection, he found six violations of the PESH Act, which requires public sector employers to adequately protect the health and safety of their employees (Labor Law § 27-a [3] [a]). At the time of the inspection, Michael Shiland was the sole employee hired by the Village to operate the Waterworks. Valerino informed Shiland of the violations. Shiland had poor relations with the Trustees of the Village and the Mayor. Evidently, he did not inform them of the violations. He left the Village’s employ in February 1991. The IBA found that the Village and the Mayor did not receive actual notice of the violations until February 1991, during a follow-up inspection by Valerino.
When it finally did receive actual notice, the Village promptly corrected the violations. During June 1991, the Department of Labor conducted another inspection and found the Village in full compliance with the PESH Act. It then issued a penalty of $2,268 for the failure of the Village to abate the violations within the time specified in the notice of violation and order to comply, which had been given to Michael Shiland, but not to the Village or the Mayor.
The IBA reduced the penalty to $908, in part, because it found that "there was no indication in the record that the Mayor knew or should have known that violations would be determined to exist at the treatment plant or elsewhere”. The Commissioner appeals, claiming that notice to Shiland fulfilled the statutory requirements.
*625 The section of the PESH Act requiring notice states as follows: "6. Enforcement procedures, a. If the commissioner determines that an employer has violated a provision of this section, or a safety or health standard or regulation promulgated under this section, he or she shall with reasonable promptness issue to the employer an order to comply” (Labor Law § 27-a [6]). The regulations implementing section 27-a of the Labor Law define the term "employer” as "the State, any political subdivision of the State, a public authority or any other governmental agency or instrumentality thereof’ (12 NYCRR 801.2 [a]). The term "public employee” is separately defined as "any employee of the State, any political subdivision of the State, a public authority or any other governmental agency or instrumentality” (12 NYCRR 801.2 [b]). Michael Shiland, as operator of the Waterworks, was clearly an employee of the Village. The question is whether he may also be considered, as an agent of the Village, the "employer” for the purposes of Labor Law § 27-a. The Commissioner argues that he may; the Village argues that he may not.
In support of its position, the Commissioner cites decisions of the Federal Occupational Safety and Health Commission interpreting the almost identical notice requirement of Occupational Safety and Health Act (OSHA), 29 USC §659 (a) (Secretary of Labor v Hughes, 7 OSH Cas [BNA] 1471 [1979]; Westinghouse Elec. Corp., Dist. Transformer Div., 8 OSH Cas [BNA] 1779, docket No. 79-2041 [1980]; Beck Co., 8 OSH Cas [BNA] 1395, docket No. 11864 [1980]). These decisions hold that constructive notice of violations is sufficient under OSHA: the Department of Labor can give notice to a worker at a work site, as long as that worker knows or should know to whom the citations should be forwarded.
The Village disagrees with these decisions and cites contrary holdings of the Federal Courts of Appeals (Capital City Excavating Co. v Donovan, 679 F2d 105 [6th Cir 1982]; Buckley & Co. v Secretary of Labor, 507 F2d 78 [3d Cir 1975]). Buckley held that, under the circumstances before the court, delivery to a work site was not sufficient notice of violations under OSHA; rather, the notice should have been delivered to corporate headquarters, or to a person with authority to disburse corporate funds to abate the alleged violation or contest the citation or proposed penalty.
In so holding, Judge Aldisert of the Third Circuit reasoned that: "A fair reading of the record indicates that the shop *626 superintendent Proia, the Buckley employee who may be considered responsible for the circumstances leading up to the violations [footnote omitted], was the very person to whom notice was sent. * * * If the test of adequate notice is the probability that appropriate corporate officials will receive notice, it is as reasonable to conclude that [the shop superintendent] would * * * cover up any derelictions as it is to conclude that he would forward the citations to his superiors.” (Buckley & Co. v Secretary of Labor, supra, 507 F2d, at 80-81.) In Capital Excavating (supra), the Sixth Circuit stated: "We agree with the court in Buckley & Co., Inc., supra, that delivery to a work site is not sufficient and that delivery to such location does not constitute receipt by a corporate employer. We expressly disagree with the Commission’s contrary determination in B. J. Hughes, Inc., supra, 7 OSHC at 1475, 1978 OSHD at [para] 27,181. A notification to a corporate employer must be sent to corporate headquarters unless the employer had directed that it be sent to a different address.” (679 F2d, at 110, n 4.)
The court finds that the decisions of the Federal Courts of Appeals — Buckley and Capital Excavating (supra) — provide the more reasonable interpretation of OSHA’s (and, by implication, the PESH Act’s) notice requirements. In the present case, Shiland had little incentive to notify the Village and Mayor of the violations. It is possible that he was responsible for some of the violations such as the failure to take adequate precautions against the ignition of flammable vapors in the workplace. Valerino, the Department of Labor inspector, was aware of "friction” between Shiland and the Mayor. Shiland himself would not have to pay any fines. Further, the language of the regulations suggests that the Commissioner should distinguish between the Village, as employer and Shiland, as employee. Thus, the Commissioner should not have relied on Shiland to notify the Village or the Mayor of the violations.
To conclude, the IBA’s decision to reduce the fine was not affected by an error of law, nor was it arbitrary, capricious or an abuse of discretion. The court finds that the IBA acted within its discretion in finding the Commissioner’s order unreasonable and in reducing the fine.