■ In the Matter of JOHN F. HUDACS, as Commissioner of Labor of the State of New York, Petitioner, v KIMMINS ABATEMENT CORPORATION et al., Respondents. [615 NYS2d 131] —Crew III, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Industrial Board of Appeals which revoked a notice of violation and order to comply issued by petitioner.

The facts are not in dispute, having been stipulated by the parties. In June 1990, respondent Kimmins Abatement Corporation entered into a contract with the Olean City School District for asbestos removal at seven different school buildings maintained by the District. On June 27, 1990, Kimmins submitted a single project notification form to the Asbestos Control Bureau of the State Department of Labor for work on all seven buildings. On July 16, 1990, petitioner issued a notice of violation and order to comply to Kimmins, which provided that a separate project notification was required for each of the seven school buildings. Kimmins appealed petitioner's order to respondent Industrial Board of Appeals (hereinafter IBA), which issued a resolution of decision revoking petitioner's order.

At issue here is Labor Law § 904 (2), which provides that:

"Any contractor engaged in an asbestos project involving more than two hundred sixty linear feet or more than one

hundred sixty square feet of asbestos or asbestos materials shall notify * * * the commissioner in writing ten days prior to the commencement of work on the project * * * The notice to the commissioner shall include the following information: the name, address and asbestos handling license number of the contractor working on the project; the address and description of the building or area, including size, age and prior use of the building or area; the amount of friable asbestos material present in square feet and/or linear feet, if applicable; room designation numbers or other local information where such asbestos material is found unless such material is found throughout the entire structure; the scheduled starting and completion dates for removal; the procedures and equipment, including ventilating systems that will be employed; any additional information which the commissioner may require; and shall be accompanied by a project notification fee as follows:

| "Project Size/Linear Feet | Fee |
|---|---|
| "260-429 | $100 |
| "430-824 | 200 |
| "825-1649 | 500 |
| "1650 or more | 1000 |

| "Project Size/Square Feet | Fee |
|---|---|
| "160-259 | $100 |
| "260-499 | 200 |
| "500-999 | 500 |
| "1000 or more | 1000" |

Petitioner determined that Kimmins was required to submit a separate project notification and pay a separate fee for each building where it planned to perform asbestos removal activities, which would result in an aggregate fee of $8,800. Kimmins contended and the IBA found that the asbestos removal required by the Olean school contract constituted a single asbestos project requiring but one project notification with a required fee of $2,000.

Labor Law § 101 (1) limits the IBA to reviewing the "validity or reasonableness" of any order issued by petitioner *(see, Matter of Roberts v Industrial Bd. of Appeals,* 106 AD2d 777, 778). Our authority to examine the decision of the IBA is limited to determining whether there is substantial evidence in the record to support the ruling and whether there is a rational basis for the IBA's revocation of petitioner's order *(see, Matter of First Coinvestors v Carr,* 159 AD2d 209).

Initially, we note that there is no evidence in the record, substantial or otherwise, to support the IBA's findings that petitioner had previously accepted and processed single project notifications for multi-site asbestos projects performed under single contracts or that industry understanding recognized that the term "project" encompasses all of the asbestos work and locations described under a single contract. As noted earlier, this matter was presented to the IBA pursuant to stipulated facts which support neither of the above findings. Those findings can be gleaned solely from the arguments of counsel at the IBA hearing.

We nevertheless conclude that there was a rational basis for the ruling of the IBA. The IBA found that petitioner's interpretation, that Labor Law § 904 (2) contemplated separate notification and fees for each building worked on under the contract because each constituted a separate asbestos project, was in conflict with 12 NYCRR 56-1.6 (b) (4), which provides that "[i]f a single asbestos project involves several locations, each of which does not involve the amounts of asbestos or asbestos materials specified in [subdivision (b) of this section], but which in total exceed this amount, written notification shall be required". The IBA found that this regulation was inconsistent with petitioner's interpretation of Labor Law § 904 (2), thereby treating an asbestos project as single-site work for some projects and multi-site work for others and, thus, petitioner's order was unreasonable. We cannot say that the IBA's conclusion in that regard was irrational.

Mikoll, J. P., Mercure, Weiss and Yesawich Jr., JJ., concur. Adjudged that the determination is confirmed, with costs, and petition dismissed.