[617 NYS2d 1006]

In the Matter of JOHN F. HUDACS, as Commissioner of Labor of the State of New York, Respondent, v CELEBRITY LIMOUSINE SERVICE CORPORATION, Appellant, et al., Respondents.

Third Department, November 3, 1994

*McMahon, Martine & Gallagher,* New York City *(Timothy D. Gallagher* and *Denis G. Kelly* of counsel), for appellant.

*G. Oliver Koppell, Attorney-General,* New York City *(Jennifer S. Brand, Peter Schiff* and *Jane Lauer Barker* of counsel), for John F. Hudacs, respondent.

### OPINION OF THE COURT

CREW III, J. P.

During the relevant time period, January 1984 to January 1986, respondent Celebrity Limousine Service Corporation operated a luxury limousine service in New York City. Celebrity's chauffeurs earned between $4.50 and $5 per hour, in addition to a gratuity of 20% of the hourly rate paid by the client. Insofar as is relevant to this appeal, Celebrity required that its chauffeurs wear a dark suit, white shirt and dark shoes; Celebrity provided a red tie and company logo. For those chauffeurs who did not own a dark suit, Celebrity initially offered its chauffeurs the option of renting three suit coats and five pairs of pants from Chatham Cleaners. Chatham cleaned and delivered the garments on a weekly basis for $9.75 per week, which was paid by Celebrity and then deducted from the chauffeurs' weekly paychecks. Beginning in late 1985, Celebrity arranged for interested chauffeurs to

purchase their suits from Uniforms for Industry; the suits were paid for by Celebrity and then deducted from the weekly paychecks. Additionally, Celebrity's chauffeurs were required to carry large umbrellas, which it supplied in exchange for a $15 refundable deposit. Although Celebrity's chauffeurs were not required to purchase maps of the City and the surrounding area, the record indicates that it was advantageous to do so. In addition to the deductions taken for clothing, umbrellas and maps, Celebrity also took deductions from the chauffeurs' paychecks for certain parking tickets.

In September 1988, petitioner issued an order to comply finding that Celebrity violated Labor Law § 193 in taking the aforementioned deductions. The deductions, affecting 143 chauffeurs, totaled approximately $68,000, to which was added 16% interest and a civil penalty of $7,000. Celebrity thereafter petitioned respondent Industrial Board of Appeals (hereinafter the IBA) for review of petitioner's order. At the conclusion of the hearing that followed, the IBA determined that although the deductions indeed were illegal, the directive requiring full reimbursement of the deductions for a 25-month period was not supported by the record and, hence, modified the order to comply to require reimbursement only of those deductions made during the final six months covered by the order. Additionally, the IBA reduced the civil penalty to $1,000.

Petitioner thereafter commenced this CPLR article 78 proceeding seeking to annul the IBA's determination. Celebrity answered and asserted a cross claim against the IBA contending that the deductions were not illegal.* Supreme Court granted the petition and this appeal by Celebrity ensued.

█ Initially, we agree with petitioner that Celebrity's argument regarding the legality of the deductions is not properly before this Court. In order to challenge the IBA's determination in this regard, Celebrity was required to commence a CPLR article 78 proceeding within the time period set forth in Labor Law § 102 (1). This Celebrity failed to do and, hence, the IBA's determination regarding the legality of the deductions is final.

---

* N.W. Liquidating Corporation, formerly known as Celebrity, commenced a CPLR article 78 proceeding in Supreme Court, Queens County, to annul the IBA's determination. It appears that said petition was dismissed due to improper service, which dismissal is on appeal to the Second Department. It also appears that the Second Department denied petitioner's motion to transfer that appeal to this Court to be heard with the instant appeal.

■ Turning to the merits, we agree with petitioner and Supreme Court that the IBA's modification of petitioner's order to comply was arbitrary and capricious and without support in the record. To the extent that the IBA's determination suggests that there is an insufficient basis for permitting reimbursement for the approximately two-year period covered by petitioner's order to comply, we note initially that the investigation and adjustment of wage controversies and, by implication, the decision to limit a particular investigation to a specified time period, is a matter committed to petitioner's discretion (see, Labor Law § 196). Additionally, in this particular matter, an investigator for the Department of Labor testified that the two-year coverage period was a matter of departmental policy. Thus, we are of the view that the time period selected by petitioner here is both reasonable and supported by the record. Even accepting, however, the IBA's implicit conclusion that petitioner's determination in this regard was "unreasonable" (Labor Law § 101 [2]), the IBA fails, in our view, to offer any rational explanation for its decision to limit recovery to only those chauffeurs employed by Celebrity in the final six months of the 25-month period at issue (see generally, CPLR 7803; Matter of Pell v Board of Educ., 34 NY2d 222, 230-231).

To be sure, the record adequately supports the IBA's findings that none of the deductions were withheld by Celebrity in a fraudulent manner, that the chauffeurs favored the clothing rental and purchase options arranged by Celebrity and that, overall, the chauffeurs involved benefitted from the deductions. These findings, however, in no way relate to, much less support, the IBA's decision to limit recovery to only those chauffeurs employed by Celebrity during the six-month period set forth in its determination. As Supreme Court points out, the IBA's determination results in many chauffeurs receiving no reimbursement, even though the deductions taken were illegal and occurred within a time period deemed appropriate by petitioner, authorized by statute (see, Labor Law § 198 [3] [Statute of Limitations for wage underpayments limited to six years]) and permitted by departmental policy.

As a final matter, we see no reason to disturb the IBA's decision to reduce the civil penalty imposed upon Celebrity to $1,000. After considering the relevant statutory factors (see, Labor Law § 218), we conclude that the IBA's determination in this regard is rational and is supported by the record as a

whole. The parties' remaining contentions have been examined and found to be lacking in merit.

CASEY, YESAWICH JR. and PETERS, JJ., concur.

Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as reinstated that portion of petitioner's order to comply that imposed a civil penalty of $7,000 upon respondent Celebrity Limousine Service Corporation, and, as so modified, affirmed.