[622 NYS2d 384]

In the Matter of JOHN F. HUDACS, as Commissioner of Labor of the State of New York, Petitioner, v VILLAGE OF WATKINS GLEN et al., Respondents.

Third Department, February 9, 1995

### APPEARANCES OF COUNSEL

*Dennis C. Vacco, Attorney-General,* New York City *(James M. Williams, Jane Lauer Barker* and *M. Patricia Smith* of counsel), for petitioner.

*Connie Fern Miller, Village Attorney* of Village of Watkins Glen, for Village of Watkins Glen, respondent.

### OPINION OF THE COURT

MIKOLL, J. P.

Under the Public Employee Safety and Health Act (hereinafter PESH Act), covered employers are to provide employees with employment and a place of employment free from recognized hazards that are causing or likely to cause death or serious physical harm (Labor Law § 27-a [3] [a] [1]). Respondent Village of Watkins Glen in Schuyler County was assessed a penalty by petitioner pursuant to Labor Law § 27-a (4) (a) for failure to abate violations of the PESH Act. The Village had been issued a notice of violation and order to comply and failed to obtain physical examinations of its volunteer firefighters assigned to tasks requiring the use of respirators.

The Village then appealed to respondent Industrial Board of Appeals (hereinafter the IBA) to review the penalty assessment. The IBA decided that service of the notice and order upon the fire chief of the Village did not comply with the service requirements of Labor Law § 27-a (6) (a). The IBA also held that the notice requirements involving municipalities required direct notice to the office of the principal elected official of the political subdivision. The IBA then revoked the applicable compliance orders and penalty assessments. Petitioner responded by commencing this CPLR article 78 pro-

ceeding to vacate the IBA's determination, asserting that the fire chief was given actual notice and that the Village officials in any event received actual notice of the violations.

It is within the IBA's authority to revoke orders of compliance and civil penalties issued by petitioner *(see, Matter of Roberts v Industrial Bd. of Appeals,* 106 AD2d 777, 778). Judicial review is limited to determining whether the record contains substantial evidence to support the IBA's decision and a rational basis for the IBA's revocation of petitioner's order *(Matter of Hudacs v Kimmins Abatement Corp.,* 206 AD2d 803, 804). The construction given to the statute under review by the IBA, the agency charged with its enforcement, if not irrational or unreasonable, should be upheld *(see, Matter of Hartnett v Village of Ballston Spa,* 152 AD2d 83, 85, *appeal dismissed* 75 NY2d 863, *lv denied* 75 NY2d 711; *see also, Matter of Kreslein v Perales,* 204 AD2d 942, 943).

The IBA could properly conclude that the fire chief of the Village was only an employee for purposes of service of compliance orders *(see,* Labor Law § 27-a [6] [a]). If notice to such employees was sufficient then persons protected by the Labor Law could enforce compliance with the act or minimally guarantee notice of violations to the proper municipal official. The IBA reasoned that there was no good reason to believe that such employees would necessarily notify the municipal employer. Direct notice to the principal elected official of the employer assures notification to a municipal officer who can enforce compliance and who is accountable. The IBA's decision is consistent with this Court's decision in *Matter of Hartnett v Village of Ballston Spa (supra; see also, Matter of Hudacs v Village of Hoosick Falls,* 158 Misc 2d 623). Deference should be given the IBA's interpretation here, which is consistent with prior rulings and involves knowledge of underlying operational practices *(see, Matter of Board of Educ. v Ambach,* 132 AD2d 257, 259-260; *see also, Matter of Jefferson County v New York State Pub. Empl. Relations Bd.,* 204 AD2d 1001, *lv denied* 84 NY2d 804).

Petitioner urges the adoption of the notice rule set forth in *Secretary of Labor v B. J. Hughes, Inc.* (7 OSH Cas [BNA] 1471, 1979 WL 8462 [OSHRC docket No. 76-2165]). But petitioner has not shown that the IBA's rule is irrational or inconsistent with the purpose of the Labor Law. Further, the *Hughes* decision involved service on the proper official in the corporate hierarchy, a problem unlike the one posed here. Service on an elected official charged with the administration

of a municipality provides assurance that violations are abated and is not an unreasonable burden on the agency.

We reject petitioner's argument that the grant of authority under Village Law § 10-1018 to the fire chief is broad enough to authorize him to act on behalf of the Village and that actual notice to him constituted constructive notice to the Village or that service to the fire chief as the senior official was sufficient. The construction urged by petitioner is reasonable but it is not the only rational interpretation of the statute (see, e.g., Matter of Criscione v Wallace, 145 AD2d 697, 699). The funding for the fire department is from the Village general fund and any expenditures not included in the line-item budget over $100 require the approval of the Mayor or a Village Trustee. There are no paid employees of the Village fire department. While the fire chief has some authority, the rationality of the IBA's interpretation stands. Also, the fact that the Mayor of the Village received actual notice of the violations by November 5, 1990 is not controlling on the issue of the rationality of the rulings in question. The IBA's interpretation and application of the statute had a rational basis and is entitled to deference.

The elimination of the entire penalty assessment was rational. The notice to comply was mailed to the fire chief in October 1990. The first official written notice of a penalty assessment was not issued until December 16, 1991, despite a requirement that civil penalty bills be sent out quarterly. These documents were not mailed to the Village mailing address. Thus, there was a failure to directly notify the principal elected official of the Village of the violations and penalty assessments. The IBA's decision is supported by substantial evidence and is confirmed.

MERCURE, CREW III, YESAWICH JR. and PETERS, JJ., concur.

Adjudged that the determination is confirmed, without costs, and petition dismissed.