■ In the Matter of SARBRO: VII, Doing Business as PARCEL 5A ASSOCIATES, Appellant, v STATE OF NEW YORK INDUSTRIAL

BOARD OF APPEALS, Respondent. (Proceeding No. 1.) In the Matter of SARBRO: VII, Doing Business as PARCEL 5A ASSOCIATES, Appellant, v STATE OF NEW YORK INDUSTRIAL BOARD OF APPEALS et al., Respondents. (Proceeding No. 2.) [627 NYS2d 155] —Mikoll, J. P. Appeals (1) in proceeding No. 1 from a judgment of the Supreme Court (Coutant, J.), entered April 13, 1993 in Broome County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition for failure to join a necessary party, and (2) in proceeding No. 2 from a judgment of said court, entered August 27, 1993 in Broome County, which granted respondents' motion to dismiss the petition for failure to exhaust administrative remedies.

There are two discrete issues before us—was the CPLR article 78 petition properly dismissed because of petitioner's failure to name a necessary party, and is the petitioner now barred from instituting a new CPLR article 78 proceeding on Statute of Limitations grounds?

Petitioner is a limited partnership operating a hotel with banquet facilities. Respondent Commissioner of Labor, after an investigation, found that petitioner violated Labor Law § 196-d in its manner of distributing banquet service charges and ordered it to pay back wages to 83 banquet service employees. The amount assessed, including interest and a civil penalty, was $62,804.68. After an appeal, respondent Industrial Board of Appeals (hereinafter the IBA) modified the determination to exclude payments to security and sales staff, remitted the matter for a recomputation of back wages due and deleted the civil penalty imposed by the Commissioner. The Commissioner issued a modified order to comply which assessed petitioner $55,630.55 in unpaid wages, plus interest.

Petitioner's CPLR article 78 proceeding challenging the determination named only the IBA and not the Commissioner as a respondent. The IBA's motion to dismiss for failure to join the Commissioner as a necessary party was granted and the petition was deemed barred pursuant to Labor Law § 102. A motion for reconsideration was denied by Supreme Court and no appeal was taken therefrom.

Petitioner commenced a second CPLR article 78 proceeding, citing both the IBA and the Commissioner as parties, challenging the Commissioner's modified order to comply. Supreme Court granted a motion by the IBA and the Commissioner to dismiss the petition, without prejudice, as premature. Petitioner appealed therefrom but has failed in its brief to

this Court to address the dismissal of its second petition. We deem such appeal to be abandoned *(see, First Natl. Bank v Mountain Food Enters.,* 159 AD2d 900, 901).

We find petitioner's contention, that its failure to join the Commissioner should be excused in the interest of justice because it has no other effective remedy, to be without merit. To hold otherwise would contradict our holding in *Matter of Dawn Joy Fashions v Commissioner of Labor* (181 AD2d 968, 969). The interests of the Commissioner are distinct from that of the IBA, and where the limitations period for service on the Commissioner has expired, joinder is disfavored. There is no abuse of discretion in dismissing the petition for failure to serve a necessary party within the limitations period *(see, Matter of Mount Pleasant Cottage School Union Free School Dist. v Sobol,* 163 AD2d 715, 716, *affd* 78 NY2d 935). The potential prejudice to the Commissioner outweighs petitioner's right to have the controversy litigated *(see, supra).*

Petitioner attempts to avoid the consequences of the statutory time limit of Labor Law § 102 (1) based on the contention that the IBA's determination to remand for further action by the Commissioner was not a final determination and, thus, the time to appeal did not commence to run.

We hold that the order directing the Commissioner to perform the recomputation in accordance with its terms requires of the Commissioner a purely ministerial act with no room for additional fact finding or the exercise of discretion and was thus a final order. By failing to commence its CPLR article 78 proceeding within 60 days of the issuance of the IBA's determination, petitioner is barred from doing so *(see,* Labor Law § 102; *Matter of Hudacs v Celebrity Limousine Serv. Corp.,* 205 AD2d 155, 157).

Mercure, Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgments are affirmed, without costs.