■ In the Matter of JAMES J. McGOWAN, as Commissioner of Labor of the State of New York, Petitioner, v DAVID GUY et al., Respondents. [757 NYS2d 483] —Proceeding pursuant to CPLR article 78 to review determinations of the respondent Industrial Board of Appeals dated May 24, 2000, and July 18, 2001, respectively, which, after a hearing, revoked an order of the petitioner, James J. McGowan, Commissioner of Labor of the State of New York, dated May 7, 1999, finding that the respondents David Guy and Laura Guy failed to comply with the overtime provisions of the Labor Law.

Adjudged that the determinations of the Industrial Board of Appeals dated May 24, 2000, and July 18, 2001, are confirmed,

the petition is denied, and the proceeding is dismissed on the merits, with costs.

It is within the authority of the Industrial Board of Appeals (hereinafter the IBA) to revoke orders of compliance and civil penalties issued by the petitioner (*see Matter of Hudacs v Village of Watkins Glen,* 208 AD2d 181 [1995]). "Judicial review is limited to determining whether the record contains substantial evidence to support the IBA's decision and a rational basis for the IBA's revocation of petitioner's order" (*Matter of Hudacs v Village of Watkins Glen, supra* at 183; *see Matter of Hudacs v Frito-Lay, Inc.,* 214 AD2d 940 [1995], *affd* 90 NY2d 342 [1997]). The construction given to the statute under review by the IBA, which is the agency charged with its enforcement, should be upheld if not irrational or unreasonable (*see Matter of Hudacs v Frito-Lay, Inc., supra; Matter of Hudacs v Village of Watkins Glen, supra*). Here, the IBA's determination regarding the wage rate in question was a rational and reasonable application of the Fair Labor Standards Act as adopted by the State of New York, and was supported by substantial evidence contained in the record. Accordingly, the determination of the IBA is confirmed and the proceeding is dismissed. Smith, J.P., Goldstein, Townes and Mastro, JJ., concur.