Matter of Gui Zhu Chen v Reardon
2026 NY Slip Op 04014
June 25, 2026
Appellate Division, Third Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Gui Zhu Chen et al., Respondents,
v
Roberta Reardon, as Commissioner of Labor, Appellant.

Decided and Entered:June 25, 2026
CV-24-2037 CV-25-0784
Calendar Date: April 21, 2026
Before: Garry, P.J., Ceresia, Powers And Mackey, JJ.

Letitia James, Attorney General, Albany (Frederick A. Brodie of counsel), for appellant.
National Center for Law and Economic Justice, New York City (Carmela Huang of counsel) and The Legal Aid Society, New York City (Elizabeth Saylor of counsel), for respondents.

[*1]
Powers, J.
Appeals (1) from a judgment of the Supreme Court (Gerald Connolly, J.), entered October 9, 2024 in Albany County, which granted petitioners' application, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, to annul respondent's determination dismissing petitioners' complaints regarding the Minimum Wage Act, and (2) from an order of said court, entered January 15, 2025 in Albany County, which, upon reargument, among other things, granted petitioners' motion for class certification.
Between 2018 and 2022 petitioners filed individual complaints with the Department of Labor (hereinafter DOL) alleging that they had been compensated in violation of article 19 of the Labor Law, otherwise known as the Minimum Wage Act. Precisely, petitioners claimed that their employers had violated the "13-hour rule," which permits employers to pay home health aides for 13 hours of a 24-hour shift so long as the aide receives eight hours of sleep, with at least five of those hours uninterrupted, and three one-hour meal breaks (see Andryeyeva v New York Health Care, Inc., 33 NY3d 152, 167-168 [2019]). DOL began investigating these complaints, as well as numerous others filed by home health aides not named herein, but later closed these investigations finding that, because each employees' union contract contained mandatory arbitration provisions, they each had other available means of relief.
Petitioners commenced this combined proceeding to require that DOL reopen the investigations asserting, among other things, that DOL's policy of closing investigations into complaints that were subject to mandatory arbitration was a "rule" that was adopted in violation of the State Administrative Procedure Act (hereinafter SAPA) and, as a result, DOL's reliance upon the rule was an error of law. Petitioners also sought class action certification of all home care aides "(i) who filed claims with [DOL] because they were paid for no more than 13 hours per shift when they worked 24 hours[;] (ii) whose unions entered into arbitration agreements with their employers covering their claims[;] (iii) who have not filed claims pursuant to a union arbitration award[;] and (iv) whose cases were closed by [DOL]." In answer, DOL denied having violated SAPA and opposed class certification. In an October 2024 judgment, Supreme Court granted the petition and annulled DOL's closure of the underlying investigations, finding that the decision to do so based upon the availability of arbitration to the employees was a rule promulgated in violation of SAPA. Additionally, in a January 2025 order, issued upon reargument, the court indicated that class action certification appeared appropriate with the qualification that it be limited to those "whose cases were closed by [DOL] through application of [DOL]'s policy or rule of closing cases where claimants were subject to mandatory arbitration." However, the court did not certify the class as additional discovery was necessary [*2]to determine whether the requirement of numerosity had been established.FN1 Respondent appeals from the judgment and the order.
Initially, although respondent has appealed from the January 2025 order, no specific argument has been made to this Court regarding the merits of class certification. Respondent instead contends that, because the October 2024 judgment must be reversed, the January 2025 order must be vacated. We disagree with the assertion that the October judgment must be reversed and, therefore, affirm both the judgment and the order.
"No rule or regulation made by any state department, . . . except such as relates to the organization or internal management of a state department, . . . shall be effective until it is filed in the office of the department of state" (NY Const, art IV, § 8). Such rules must be proposed and adopted in accordance with the procedures set forth in State Administrative Procedure Act § 202 (see generally Matter of North Shore Hematology-Oncology Assoc., P.C. v New York State Dept. of Health, 233 AD3d 97, 100 [3d Dept 2024]). A rule is defined by statute as "the whole or part of each agency statement, regulation or code of general applicability that implements or applies law" (State Administrative Procedure Act § 102 [2] [a] [i]). However, "rules concerning the internal management of the agency which do not directly and significantly affect the rights of or procedures or practices available to the public," as well as "interpretive statements and statements of general policy which in themselves have no legal effect but are merely explanatory," are expressly exempt from the definition of a rule and, therefore, do not require SAPA compliance (State Administrative Procedure Act § 102 [2] [b] [i], [iv]). A rule has been further defined as "a fixed, general principle to be applied by an administrative agency without regard to other facts and circumstances relevant to the regulatory scheme of the statute it administers" (Matter of Suffolk Regional Off-Track Betting Corp. v New York State Racing & Wagering Bd., 11 NY3d 559, 572 [2008] [internal quotation marks and citation omitted]; accord Matter of Shankar [Trillium Trading, LLC], 238 AD3d 1451, 1453 [3d Dept 2025]).
Employees are guaranteed a statutory minimum wage for each hour worked (see Labor Law § 652 [1]). As a result, "a comprehensive set of statutory provisions [have been] enacted to strengthen and clarify the rights of employees to the payment of wages," including the imposition of civil and criminal liability for "employer[s] who violate[ ] the requirements of Labor Law article 6" (Truelove v Northeast Capital & Advisory, 95 NY2d 220, 223 [2000]). DOL has proscribed that "[t]he minimum wage shall be paid for the time an employee is permitted to work, or is required to be available for work at a place prescribed by the employer" (12 NYCRR 142-2.1 [b]). This provision has been interpreted, in the context of home health aides, "to exclude the hours when the employee [*3]is not working because the employee is on a scheduled sleep and meal break" (Andryeyeva v New York Health Care, Inc., 33 NY3d at 177). Consequently, an employer who pays wages which do not accurately reflect the time that the employee has worked, because that employee was not afforded scheduled sleep and meal breaks, may be subject to penalty. To accomplish the imposition of such penalties, respondent has the authority to, among other things, "investigate and attempt to adjust equitably controversies between employers and employees" which may arise under, as is relevant here, articles 6 and 19 of the Labor Law (Labor Law § 196 [1] [a]). Nevertheless, respondent "shall be deemed vested with discretion in such matters" and is, therefore, not required "to investigate and attempt to adjust controversies" in every instance (Labor Law § 196 [2]; see generally Alix v Wal-Mart Stores, Inc., 57 AD3d 1044, 1048 [3d Dept 2008]; Matter of Hudacs v Celebrity Limousine Serv. Corp., 205 AD2d 155, 158 [3d Dept 1994]).
Respondent does not contest that DOL closed the underlying investigations because the employees had arbitration available to them. It is instead argued that doing so was an exercise of respondent's investigatory discretion. Specifically, after internal deliberations, it was decided that any investigation subject to arbitration would be closed so long as the complaint did not also assert a claim of retaliation, as that had not been an aspect of the union settlements. According to respondent, this was an effort to appropriately allocate resources by setting investigative priorities. Although it is undisputed that Labor Law § 196 vests respondent with the authority to exercise discretion over enforcement actions, if respondent self-imposes limits on the exercise of that discretion through the application of a rule, such rule must be promulgated in compliance with SAPA (see NY Const, art IV, § 8; State Administrative Procedure Act § 102 [2] [b] [i]-[xiv]). Thus, we turn to the question of whether this limitation constituted a rule.
In closing the investigations, DOL cited, among other things, the complexities of investigations into the claims of home care aides due to the nature of the work performed. While this may constitute an industry-specific consideration (cf. Andryeyeva v New York Health Care, Inc., 33 NY3d at 181), DOL failed to conduct any individualized, fact-specific assessment of the complaints before closing the underlying investigations. Rather, DOL's policy was implemented in a generalized manner collectively to all claims of home care aides subject to arbitration — a fact demonstrative of a "policy invariably applied across-the-board to all claimants without regard to individualized circumstances or mitigating factors" (Matter of Schwartfigure v Hartnett, 83 NY2d 296, 301 [1994]; compare Matter of Personal-Touch Home Care of N.Y., Inc. v City of N.Y. Human Resources Admin., 201 AD3d 532, 533-534 [1st Dept 2022]; Matter of Senior Care Servs[*4]., Inc. v New York State Dept. of Health, 46 AD3d 962, 964-965 [3d Dept 2007]). Moreover, "[r]ulemaking . . . sets standards that substantially alter or, in fact, can determine the result of future agency adjudications" (Matter of Alca Indus. v Delaney, 92 NY2d 775, 778 [1999]). DOL made clear that going forward this limitation would be broadly applied to identical claims, stating that it "may accept these types of cases if an employee is not covered by an arbitration clause." The foregoing statement on behalf of DOL evinces that future claims by home care aides whose union contracts contain arbitration clauses will be predetermined inasmuch as investigations would either not be commenced or closed based upon the availability of arbitration to these employees.
Considering the foregoing, and despite respondent's urging to the contrary, Supreme Court correctly found that the decision to close any and all complaints where the employee was subject to arbitration — aside from those alleging retaliation — was the result of an application of a rule which had not been promulgated in compliance with the dictates of SAPA and was, therefore, subject to annulment (see CPLR 7803 [3]; see also State Administrative Procedure Act § 202; compare Matter of Medical Socy. of State of N.Y. v Serio, 100 NY2d 854, 868-869 [2003]).
Garry, P.J., Ceresia and Mackey, JJ., concur.
ORDERED that the judgment and the order are affirmed, with costs.

Footnotes

Footnote 1
Following further discovery on the issue, Supreme Court found the requirement of numerosity had been met and, therefore, certified the class with the aforementioned limitation (NY St Cts Elec Filing [NYSCEF] Doc No. 230, amended decision and order, in Matter of Chen v Reardon, Sup Ct, Albany County, index No. 908146-23).